CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY v. DAVIS.

Opinion delivered October 26, 1914.

1. RAILROADS—EXCESSIVE FARE — PARTY AGGRIEVED — MINORS.—When minors are accompanied by adults, and are required by a railroad company, to pay fare in excess of that permitted by the statute, although the excessive fare is paid by the adults accompanying the minors, the minors are in fact the parties aggrieved within the

meaning of Kirby's Digest, § 6620, and are entitled to recover the penalties denounced in said section.

2. RAILROADS—CHARGE OF EXCESSIVE FARE—REASONABLENESS OF STATUTE —PENALTY.—Kirby's Digest, § 6620, provides that when a railroad company shall charge a passenger an excessive fare, it shall be liable for a penalty not less than fifty dollars and not exceeding three hundred dollars and a reasonable attorney's fee. *Held*, this provision is not in violation of section 1 of the Fourteenth Amendment to the Constitution of the United States, and does not deprive the railroad company of its property without due process of law, nor deny to it the equal protection of the law.

Appeal from Saline Circuit Court; *W. H. Evans,* Judge; affirmed.

STATEMENT BY THE COURT.

Eddie Davis, a minor under twelve years of age, and Genie Denham, a minor under five years of age, each brought suit by his next friend for the penalties denounced by section 6620, Kirby's Digest, against railroads for charging and collecting a greater rate of passenger fare than the law permits, one having been required to pay more than the rate of half fare for his journey, and the other, Genie Denham, having been charged half fare, when, being under five years of age, and in charge of an adult, who had paid the regular fare, no charge whatever should have been made against him. The railroad company answered, denying that any overcharge had been made and later amended its answer in each case as follows: "That the penalties prescribed by section 6620 of Kirby's Digest of the Statutes of Arkansas, for the disobedience thereof are so enormous, and so grossly out of proportion with the amount alleged in the complaint to have been charged in excess of the rate allowed by law, and the penalties aforesaid are so arbitrary and oppressive that the enforcement of said statute, under which this action is instituted, would result in depriving the defendant of its property without due process of law, in violation of that portion of section 1 of article 14 of the amendments to the Constitution of the United States, which provides that no State shall deprive any person of his property without due process of law.

"And the defendant further says that the penalties prescribed by section 6620 of Kirby's Digest of the Statutes of Arkansas, under which this action is instituted, are so enormous, and so grossly out of proportion with the amount alleged in the complaint to have been charged in excess of the rate allowed by law, and the penalties aforesaid are so arbitrary and oppressive and are so much in excess of any amount allowed by law to be recovered for the infliction of equal injury under any other circumstances or conditions, that the enforcement of the said statute, under which this action is instituted would result in denying to the defendant the equal protection of the laws in violation of that portion of section 1 of article 14 of the amendments to the Constitution of the United States, which provides that no State shall deny to any person within its jurisdiction the equal protection of the laws."

The testimony shows that Eddie Davis was at Poyen in Grant County, a station on the Chicago, Rock Island & Pacific Railroad, with his mother, Mrs. Cynthia Davis, that they desired to return to Fenter, six miles distant, and that his mother purchased tickets of the agent, who retained 22 cents for both fares. She remonstrated against the overcharge and insisted that the regular fare was only 12 cents and that Eddie was but a little over nine years old and entitled to ride for half fare, or 6 cents. The agent replied that her ticket was 12 cents and Eddie's was 10 cents and refused to correct the overcharge and return the money. Others witnessed the transaction and one said the agent replied that Eddie Davis would have to pay that fare or walk home, and his mother paid it. No witness was introduced by the railroad company.

The evidence shows in the Denham case that Genie Denham, a minor under five years of age, while in charge of his grandmother in December, 1912, became a passenger on one of the appellant's trains from Fenter, in Grant County, to Little Rock, in Pulaski County; that the grandmother provided herself with a ticket but none was purchased for the minor, he being entitled to ride with-

out charge. The auditor came through the train, taking the tickets, and required her to pay 54 cents as fare for the minor from Fenter to Little Rock. No witness was introduced by the railroad company. D. M. Cloud, an attorney, testified in each case that $25 would be a reasonable attorney's fee in each case. The defendant requested the three following instructions in each case, which were refused by the court:

"1. The defendant requests the court to declare the law to be that the penalty provided by section 6620 of Kirby's Digest, for the disobedience thereof, is so enormous and out of proportion with the amount overcharged the plaintiff, that the infliction of same would amount to denying to the defendant the equal protection of the laws.

"2. The defendant requests the court to declare the law to be that the penalty for the disobedience of section 6620 of Kirby's Digest is so enormous, and so grossly out of proportion with the amount shown to have been charged the plaintiff in excess of the amount allowed by law to be collected, and is so arbitrary and oppressive that it would amount to depriving the defendant of its property without due process of law.

"3. The defendant requests the court to declare the law to be that the plaintiff is not entitled to recover an attorney's fee in this case."

The court, a jury being waived, rendered a verdict and judgment in each case for a $50 penalty and costs, and taxed an attorney's fee of $25 in each case against the railroad company. From the judgments it appealed.

*Thos. S. Buzbee* and *John T. Hicks,* for appellant.

1. These children are not the parties aggrieved within the meaning of the statute. In each instance, the payment was made by some one other than the infant, and with funds not belonging to the infant. There is no contractual relation, so far as the payment of the fare is concerned, between the carrier and the infant, but between the carrier and the adult in charge of the infant and whose duty it is to pay the fare. The act of Febru-

ary 9, 1907, clearly contemplates a collection *from* the adult *for* the child in his care, not a collection *from* the child.

2.   Section 6620 of Kirby's Digest, in so far as it undertakes to fix a penalty of not less than $50 nor more than $300 with costs and attorney's fees is unconstitutional and in violation of the Fourteenth Amendment to the Constitution of the United States. 230 U. S. 340, 348.

*J. S. Utley,* for appellees.

1.   Appellant raised no question in the lower court as to these appellants not being the parties aggrieved, and ought not to be heard here to raise that question for the first time. 108 Ark. 497; 107 Ark. 85; *Id.* 360; 106 Ark. 151; *Id.* 336; 95 Ark. 597; 83 Ark. 13; 70 Ark. 197; 74 Ark. 615; 52 Ark. 442.   But these infants are the parties aggrieved within the meaning of the statute.   95 Ark. 218; 31 Ark. 155; *Id.* 411; 46 Ark. 133.

2.   The statute is constitutional.

KIRBY, J. (after stating the facts).   It is contended for reversal (1), that the appellees were not entitled to recover, not being the parties aggrieved, since no money or fare in fact was paid by either of them and (2) that the law prescribing the penalty and attorney's fee is unconstitutional and void.   Section 6620, Kirby's Digest, provides: "Any of the persons or corporations mentioned in 6611, 6612, 6613 and 6614, that shall charge, demand, take or receive from any person or persons aforesaid any greater compensation for the transportation of passengers than is in this act allowed or prescribed, shall forfeit and pay for every such offense any sum not less than fifty dollars, nor more than three hundred dollars and costs of suit, including a reasonable attorney's fee, to be taxed by the court where the same is heard on original action, by appeal or otherwise, to be recovered in a suit at law by the party aggrieved in any court of competent jurisdiction.   And any officer, agent or employee of any such person or corporation who shall

knowingly and wilfully violate the provisions of this act, shall be liable to the penalties prescribed in this sec- tion to be recovered in the same manner (e), Act April 4, 1887.''

The law provides further: ''The maximum sum which any corporation, officer of court, trustee, person or association of persons operating a line of railroad in' this State shall be authorized to collect for carrying each passenger over said line within the State in the manner known as first-class passage is fixed at the following rates * * * On lines over 85 miles in length, two cents per mile or a fraction thereof, and for carrying children in charge of an adult there may be charged and collected one-half of the above named rates for such of said children as may be under the age of twelve years and over the age of five years, and for such of said chil- dren as may be under the age of five years no charge whatever shall be made beyond what is collected from the adults who may have charge of them.'' Section 6611, Kirby's Digest, as amended by act February 9, 1907.

(1) There is no merit in the contention that these minor appellees are not the persons aggrieved by the overcharge of fare since such overcharge was not paid by them, but by the persons in charge of them, the grand- mother in the one case and the mother in the other. The persons referred to in the first part of the section of the statute providing the penalties, are those intended to be- come passengers, and it can make no difference to the railroad company by whom the fares were actually paid, and since they were paid, and for the minors, they are the parties aggrieved within the meaning of the statute and entitled to recover the penalties. *St. Louis, I. M. & S. Ry. Co.* v. *Freeman,* 95 Ark. 219; *St. Louis, I. M. & S. Ry. Co.* v. *Frisby,* 95 Ark. 283.

(2) It is next contended that the penalties pre- scribed for the violation of said section 6620, Kirby's Di- gest, are so enormous, arbitrary and oppressive, and so in excess of any amount allowed by law to be recovered for the infliction of equal injury under any other circum-

stances or conditions as to deprive the defendant of its property without due process of law, and deny it the equal protection of the laws in violation of section 1 of the Fourteenth Amendment to the Constitution of the United States. Neither is this contention warranted. No claim whatever is made that the maximum rate fixed by law for the carrying of passengers, deliberately violated by the railroad company is unreasonable or insufficient to produce a reasonable return upon its investment, and this is not an attempt to question the sufficiency of the rate. It is commonly known that carriers are not prone to adhere uniformly to rates lawfully prescribed and it is necessary that deviation from such rates be discouraged and prohibited by adequate liabilities and penalties, and we regard the penalties prescribed as no more than reasonable and adequate to accomplish the purpose of the law and remedy the evil intended to be reached. They can not, in our opinion, be regarded as so enormous, excessive and arbitrary as to deprive the carrier of its property without due process of law or deny it the equal protection of the law, contrary to the Fourteenth Amendment of the Constitution of the United States, and within the authority of *Mo.-Pac. Ry. Co.* v. *Tucker,* 230 U. S. 340; Ex parte *Young,* 209 U. S. 123. As said by this court in *St. Louis, I. M. & S. Ry. Co.* v. *Frisby, supra,* "The statute is directed against the railway company and its object is 'to compensate the party injured for his expenses in the prosecution and to compel the payment of such a sum by the company violating the law as will effectually stop the practice.' " *Fetter on Carriers of Passengers,* § 263; *St. Louis, I. M. & S. Ry. Co.* v. *Waldrop,* 93 Ark. 42.

We find no error in the record and the judgment in each case is affirmed.