St. Louis, Iron Mountain & Southern Railway Co. v. Williams.

Opinion delivered December 10, 1917.

1. Carriers—overcharge—distance—passenger fare.—In an action for overcharge of passenger fare, under Kirby's Digest, § 6620, the plaintiffs testified that they purchased tickets from Conway to Whelen Springs (Ark.) for which defendant charged them $4.20. That they had made the trip many times, and had always paid $3.54 for their tickets; that the rate was three cents per mile; that the distance from Conway to Whelen Springs was 118 miles, and that they had been overcharged sixty-six cents apiece. Held, from this testimony the jury might infer the distance to be 118 miles, and that there was evidence to sustain a finding that plaintiffs had been overcharged sixty-six cents each.

2. Carriers—passenger fare—overcharge—penalty.—Kirby's Digest, § 6620, providing a penalty against a carrier for overcharging a passenger, held constitutional. Chicago, Rock Island & Pacific Ry. Co. v. Davis, 114 Ark. 519, cited, approved and followed.

Appeal from Clark Circuit Court; Geo. R. Haynie, Judge; affirmed.

*E. B. Kinsworthy* and *R. E. Wiley,* for appellant.

1. The verdicts are without evidence to support them. 61 Ark. 354. There was no competent evidence as to the distance. 58 Ark. 108.

2. The law is unconstitutional and void. 114 Ark. 519 should be overruled. 206 U. S. 1; 217 *Id.* 196; 230 *Id.* 340; 236 *Id.* 585; 207 *Id.* 73. The penalty is exorbitant and oppressive. *Supra.* 235 U. S. 651; 60 Ark. 221; 54 *Id.* 101; 209 U. S. 123; 230 *Id.* 340.

HART, J. Dicksey Williams and Lucy Williams filed separate suits against the St. Louis, Iron Mountain & Southern Railway Company under section 6620 of Kirby's Digest to recover the penalties allowed for overcharge in the transportation of passengers. The suits were consolidated and tried together. The jury in each case returned a verdict for sixty-six cents overcharge and seventy-five dollars penalty. From the judgment rendered, the railway company has appealed.

It is first insisted by counsel for the railway company that the evidence is not legally sufficient to support the verdict. Dicksey Williams and Lucy Williams reside near Whelen Springs in Clark County, Arkansas. In June, 1915, they purchased tickets from Conway, Arkansas, to Whelen Springs. The railway agent demanded and received the sum of $4.20 from each of them for her ticket.

(1) The girls testified that it was 118 miles from Conway to Whelen Springs and that the regular fare was $3.54; that to charge them $4.20 for a ticket amounted to an overcharge of sixty-six cents. Upon being asked on cross-examination how they knew the distance from Conway to Whelen Springs to be 118 miles, they stated that they had made the trip several different times before the time in question, and that they had each time been charged the sum of $3.54; that the fare at the time was three cents per mile. It is not practical that an intended passenger should measure the distance from the point of embarkation to his place of destination. The fare which the rail-

way company is allowed to charge is fixed by law and the passenger must necessarily rely upon the statement made by the agent of the railway company whose duty it is to sell him a ticket. The girls testified that they had made the trip from Conway to Whelen Springs, at several different times prior to the one in question and had been charged the sum of $3.54 for a ticket on the basis that the fare was three cents per mile. From this the jury might have inferred the distance to be 118 miles, and it follows that there was evidence legally sufficient to warrant the verdict for sixty-six cents overcharge.

(2) It is next contended that section 6620 of Kirby's Digest is in violation of section 1 of the Fourteenth Amendment of the Constitution of the United States and deprives the railway company of its property without due process of law. The validity of this statute was upheld in *Chicago, Rock Island & Pacific Railway Company* v. *Davis,* 114 Ark. 519. The statute in question provides for a penalty for overcharge of not less than fifty dollars nor more than $300 and costs of suit including a reasonable attorney's fee.

Counsel for the railway company again ask us to take up this question on the ground that the statute is invalid on its face on account of the size of the penalties prescribed. They point to the fact that railway companies only violate the statute in rare instances. This may be true and it may be also true that the penalties prescribed by the statute compels obedience to its mandates. Be that as it may, we have already decided the question after mature deliberation, and most of the cases cited by counsel in their brief in the present case were cited and considered by the court in the case where the question was decided. Therefore, we decline to take up the question again and adhere to our original decision.

The judgment will be affirmed.