GATES *v.* HUGHSON.

4-2686

Opinion delivered October 24, 1932.

*Hal L. Norwood,* Attorney General, *Walter L. Pope,* Assistant, *David A. Gates* and *George Vaughan,* for appellant.

KIRBY, J., (after stating the facts). The court has nothing to do with the policy of such legislation; its province being only to determine the controversies arising out of its enforcement and violation according to a fair construction thereof. It has long been the practice, both in our Federal and State governments, to impose excise taxes upon certain products or commodities by requiring the use of adhesive stamps or labels attached to each package of the commodity or products. The use of revenue stamps by the Federal government in connection with the sale of tobacco products dates back to 1868. Act July 20, 1868, c. 186, 15 U. S. Stat., at L. 125, U. S. R. S. (1878), § 3251.

The Federal statute imposes penalties and forfeitures for removing manufactured tobacco from the factory, except in proper packages duly stamped to indicate the payment of the tax. *Lilienthal's Tobacco* v. *U. S.*, 97 U. S. 237, 24 L. ed. 901; *U. S.* v. *Quantity of Tobacco,* Fed. Cases Nos. 16105 and 16106, (especially at p. 656 of 27 Fed. Cas.).

The absence of the required stamp on the package is *prima facie* evidence of nonpayment of the tax, the dealers and manufacturers being held liable for selling or offering for sale cigars, etc., not properly boxed and stamped. U. S. R. S. (1878) § 3373; *U. S.* v. *Edwards,* 25 Fed. Cas. 15025.

The statute alleged to have been violated by appellee in the sale of unstamped tobacco products is virtually in the language of the Federal statute, and provides: "Section 16. * * * The absence of the proper stamps from any container of any tobacco products shall be notice to all persons that the tax has not been paid and shall be *prima facie* evidence of the nonpayment of such tax." Act 152 of 1929, approved March 20, 1929, p. 767.

Our said act 152 of 1929 provides in § 4 thereof for the levy of an excise or privilege tax on certain tobacco products, specified in § 2 thereof, designating the amount of the levy upon cigars and cigarettes and requiring payment through the stamp tax system as prescribed therein.

Section 1 of said act 152 of 1929 provides: "The business of handling, receiving, selling or offering for sale and dealing in, through sale, barter or exchange, tobacco products, as defined in § 2 of this act, is hereby declared to be a privilege under the Constitution and laws of the State of Arkansas, and the purpose of this act is to impose certain licenses, fees and taxes on this business.

Sections 2 and 3 of said act 152 of 1929 define the terms used in the act and require the "retailer" of tobacco products to pay for a permit or license annually.

Section 6 of said act 152 of 1929 prescribes the restrictions for retail dealers in the conduct of their business: "(1). They shall not place in their stock or sell or otherwise dispose of any tobacco products to which proper stamps denoting the tax due thereon have not been affixed." This section (2) also prescribes the procedure that must be followed in the purchase of revenue stamps; and (3) the time and manner that said stamps must be affixed to the packages of tobacco products and for their cancellation.

The court read to the jury § 9 of the act, which provides the penalties for violations thereof, and, on its own motion, over plaintiff's several and specific objections, and over his objection to the charge as an entirety, gave the jury the following six additional instructions:

Instruction No. A-2: "So, if you find in this case that the defendant failed to comply with this statute, that is to say, had in her possession and sold or offered for sale packages of tobacco, cigars and cigarettes, and not having the stamps affixed thereto, (and the court will explain to you later what is meant by not having stamps affixed), then you will find for the plaintiff."

Instruction No. A-3: "If you find that she did not have packages of cigars, cigarettes and tobacco on which stamps were not affixed, then it would be your duty to find for the defendant."

Instruction No. A-4. "Now, gentlemen, the question arises, what is meant by packages of tobacco, cigars and

cigarettes not having stamps affixed? If you find in this case that the packages of cigarettes once had stamps affixed and were sold, and in the process of sale the defendant removed the stamps from the cigarettes intentionally to be preserved by her, then that would not be a compliance with the law which requires that stamps be affixed."

Instruction No. 5-A. "But if you find that the stamps were once affixed to the packages and these stamps, in the process of sale, or before, had been intentionally removed, or in any manner removed by the intention of the defendant, then she would be liable the same as though the stamps had never been affixed. In other words, it is a matter of intention. If the stamps were once put on the cigarettes, and she removed the stamps intentionally to preserve them, then she would be liable the same as though the stamps had never been put on the cigarettes; but, if these stamps were affixed, as required by law, and were removed by accident or in handling the cigarettes without any intention to preserve the stamps, then that would be a compliance with the law, and the defendant would not be liable for that."

Instruction No. A-60. "Now, gentlemen, if you find for the plaintiff, it will be your duty to find for the plaintiff for twenty-five dollars for each package of cigarettes and each box of cigars that you find which were held or sold without the stamps being affixed. If you find for the plaintiff, you will find for the plaintiff in the sum for as many packages of cigarettes and boxes of cigars as you find that the stamps were not affixed under the instructions the court has given you. If you find for the defendant, you will say, 'We, the jury, find for the defendant'."

The court refused to give appellant's requested instructions Nos. 5 and 6 as follows:

"5. You are instructed that, even though you may find that some or all of the packages did at one time have the stamps affixed, if the stamps were removed before delivery to a purchaser without the stamps being

affixed and accompanying the packages, you will find for the plaintiff.''

''6. As to the one carton sold to Mr. Gay, as testified to by him and by Miss Hughson, in which she and he testified that she removed the stamps before delivery, you are instructed to find for the plaintiff in the sum of $25 for each package in the carton.''

It is urged that the court erred in refusing to give the requested instructions for appellant, and in giving the six instructions objected to for appellee, telling the jury it was really ''a matter of intention,'' that the law would not be violated unless the stamps, that had been affixed to the packages of tobacco and cigarettes, had been intentionally removed to be preserved and used again, etc. That, if the stamps had been affixed, as required by law, and were removed by accident or in handling the cigarettes, without any intention to preserve the stamps, it would amount to a compliance with the law, and there would be no liability on the part of the defendant.

The court erred in giving the said instructions, and also in refusing to give the two requested instructions 5 and 6 for appellant.

The language of the statute is plain, unambiguous, and its meaning clear, and the court erred in refusing the instructions as requested by appellant. Instruction No. 6 was in effect a direction to find for the plaintiff on the carton of cigarettes sold to Mr. Gay, who testified, as did also the clerk, that said stamps were removed from the carton before its delivery upon the sale. Both the parties to the sale testified that they had been removed, although from one witness' testimony it appeared that they were removed for preservation and use again, and the other stated that said stamps had been taken off and thrown into the waste basket. It could have made no difference for what purpose they were removed, since it is undisputed that said stamps were removed from the package of cigarettes before its delivery upon the sale, thus constituting a violation of the act.

If the stamps are not affixed and kept on the packages of cigarettes and tobacco, and canceled in accordance with the requirements of the law, it amounts to a violation thereof, for which the penalty is denounced and recoverable.

The correctness of this construction is confirmed by the provisions in the law for a refund for the amount of taxes paid upon stamped products not sold or disposed of, etc. Section 13, act 152 of 1929.

The absence of the proper revenue stamp from any container of any tobacco products would create the natural and reasonable inference that the tax had not been paid and the stamps affixed thereto in accordance with the requirements of the act, and the statute also expressly makes such showing *prima facie* evidence of the nonpayment of the tax, necessarily casting the burden of proof upon the defendant.

The court erred in refusing to give the said requested instructions on the part of the plaintiff and appellant, and in giving, over his objections, the said erroneous instructions requested on behalf of defendant, and also in refusing to direct a verdict as to one carton of cigarettes sold in accordance with requested instruction No. 6.

For these errors the judgment must be reversed, and the cause will be remanded for a new trial. It is so ordered.