THE LITTLE RIVER DRAINAGE DISTRICT, A PUBLIC CORPORATION, RESPONDENT, v. MARY H. G. HOUCK, APPELLANT.—137 S. W. (2d) 656.

Springfield Court of Appeals. March 12, 1940.

74

Rush H. Limbaugh and Giboney Houck for appellant.

R. B. Oliver, III, and Oliver & Oliver for respondent.

SMITH, J.—This is a suit brought for the collection of drainage taxes on two tracts of land, within the district for five years, 1933 to 1937, both inclusive. The petition is very long, and we do not set it out in full. In order to give a statement of the case, we have adopted, with slight alteration, the printed statement of the appellant.

The Little River Drainage District was incorporated in 1907. In 1909 the Circuit Court of Butler County, which organized the district, appointed Commissioners to view the lands in the district and assess the benefits. There are three tracts of land involved in this suit (but two of them called tract 1 in plaintiff's petition have been combined in one tax bill). On tract 1 the benefits found by the Commissioners and decreed by the court were $2092. On tract 2 of plaintiff's petition the benefits found by the Commissioners and decreed by the court were $1099.

The plaintiff brought this suit for drainage taxes claimed to be due for the years 1933, 1934, 1935, 1936 and 1937, on two tracts of land in Scott County, Mo., one tract of 94.64 acres, described as

Lot 3, Northwest Quarter Section 4, Township 29, Range 13, and one tract of 50.95 acres, described as the West Half of Lot 3, Northeast Quarter Section 4, Township 29, Range 13, numbered, respectively, tracts 1 and 2. The petition is in five counts.

The taxes claimed under each of these five counts, exclusive of interest, are designated as follows: On tract 1 for the year 1933 taxes, $143.73, with a maintenance tax of $9.21, and a penalty charge of $84.12, and for 1933 on tract 2, for taxes due, $75.50, for maintenance $4.87, and a penalty of $44.21. For the year 1934 on tract 1, there is sought for taxes, $31.59, maintenance $10.25; and a penalty of $17.97, and on tract 2 the following: Taxes $16.59, maintenance, $5.39 and penalty of $9.44. For 1935 on tract 1 there was sought taxes of $31.59, maintenance $10.25, and a penalty of $13.39. On tract 2 for 1935 there was sought taxes $16.59, maintenance $5.39, and a penalty of $7.03. For the year 1936 on tract 1 there was sought taxes, $31.59, maintenance $10.25 and penalty $8.37, and on tract 2 for 1936, there was sought taxes, $16.59, maintenance $5.39, and for penalty $4.40. For 1937 on tract 1, there was sought for taxes $52.30, for maintenance $31.38, and a penalty of $6.60, and on tract 2 for 1937 there was sought taxes $27.48, maintenance $16.49, with a penalty of $3.52, making a total for taxes sued for, including penalties, but excluding attorney fees, of $751.57.

The petition states that plaintiff is a public corporation of the State of Missouri, organized and existing under and by virtue of the provisions of Article 3, Chapter 122, of the Revised Statutes of Missouri 1899 and amendments and additions thereto, as a drainage district, and as such institutes this action. It then recites the steps preliminary to the incorporation of the district and states that on the 30th day of November, 1907, the Circuit Court of Butler County, Missouri, entered its judgment and decree incorporating and organizing the Little River Drainage District; that the articles of incorporation were duly filed in the respective counties and notice was published calling a meeting of the owners of real estate and property in the district, the 19th of December, 1907, to elect a Board of Supervisors; that five supervisors were duly elected; that after the organization of the Board of Supervisors on the 19th day of December, 1907, a chief engineer was appointed and a plan of drainage was adopted and certified to the Circuit Court of Butler County with a request to appoint commissioners for reviewing the lands in the district and assessing benefits and damages; that afterwards the court duly appointed commissioners, who subsequently made and filed their reort assessing benefits and damages, which was approved by the court the 21st day of October, 1912, and transmitted on the 24th day of February, 1913, in a well-bound book to the Clerk of each County Court of each county in which lands embraced within the Little River Drainage District were situated; that the supervisors on

the 26th day of February, 1913, determined that it would be best for the district to issue bonds, passed a resolution ordering and directing the issuance of bonds, of $4,750,000, to pay the costs of the works and improvements in said drainage district and such other costs, fees and salaries as authorized by law; that on the same day, the 26th of February, 1913, the Board of Supervisors by its order of record did duly assess and levy a tax on all the lands and property in said district to which benefits had been assessed in an equal amount to the costs of such drainage works and improvements as estimated by the aforesaid commissioners plus the actual expense of organizing said district, the probable working and administrative expenses and damages as estimated by the Board of Supervisors in the completion of said works and improvements, and to carry out the objects and purposes of said district, and the amount of interest estimated to accrue on the bond issue by the district, plus 10 per cent of said total amount and apportioned, and levied the same on each tract of land in said district in proportion to the benefits assessed and not in excess thereof; that afterwards on the 28th of February, 1913, the levy of said tax was duly evidenced and certified by the Board of Supervisors, to the Clerk of the County Court of each county in which lands of the said district were situated and by the Clerk filed and recorded in his office in the form, manner and within the time required by the statute.

The petition further recites that in 1918 bonds were authorized for the additional sum of $1,000,000 and a part of the remaining and unused benefits set aside and a levy of additional tax made to pay the principal and interest of same as they matured; that in 1920 bonds were authorized for the additional sum of $600,000 and a part of the remaining and unused benefits set aside and a levy of additional tax made to pay the principal and interest of same as they matured; that on January 22, 1924, additional drainage works and improvements were recommended and adopted by the Board of Supervisors; that on the same day bonds were authorized for the additional sum of $5,000,000 and a part of the remaining and unused benefits set aside and a levy of additional tax made to pay the principal and interest of same as they matured; of which $4,000,000 of bonds were subsequently sold; that under the provision of the statutes and by reason of the foregoing proceedings had and done, a lien was established and fixed on all the lands situated within the district upon which benefits had been assessed to the extent of the taxes thereon levied and until paid constitutes a lien on said lands and property in favor of the plaintiff paramount to all other liens except that for state, county, school and road taxes, that in 1933 a tax of $947,190.26 was levied on the lands and properties situated within the Little River Drainage District on which benefits had been assessed in proportion to the benefits assessed as the amount of the installment levied for

and to be collected in the year 1933 of the total tax levied on the lands and property within the district and that also by resolution duly adopted the Board of Supervisors ordered and levied in 1933 the sum of $61,196.33 for maintenance.

That the annual installment and levy of said total tax and said maintenance tax was duly evidenced and certified by the president and secretary of the Board of Supervisors to the respective collectors of revenue of each of said counties and townships above named in the form and manner and within the time specified and provided for by the statute.

Plaintiff further states that the defendants are the owners of the following lands situate and being in Scott County, Missouri, and included within the limits of The Little River Drainage District, and that the amount of the annual installment of the total tax; the amount of the maintenance tax, for the year last above set out, together with the amount of penalty or interest accrued on each, and the aggregate amount of said sums now remaining due and unpaid on each of the several tracts of land is as set out; that the district has employed R. B. Oliver, III, a licensed attorney, to represent it and that said attorney is entitled to a reasonable attorney fee for bringing and prosecuting this suit and that a reasonable fee for bringing and prosecuting this suit is not less than 10 per cent of the amount collected.

As to the years 1934, 1935, 1936 and 1937, the petition says, that in 1934 the total annual installment tax levied on all the lands in the district was $209,980.73 and the total maintenance tax was $68,151.65. In 1935 the total annual installment tax levied on all the lands in the district was $209,817.31 and the total maintenance tax was $68,098.61. In 1936 the total annual installment tax levied on all the lands in the district was $209,763.33 and the total maintenance tax was $68,081.11. In 1937 the total annual installment tax levied on all the lands in the district was $347,145.47 and the total maintenance tax was $208,283.07.

The answer filed was a general denial of the allegations of each of the five counts.

Trial was had before the court and a judgment rendered upon each of the counts for the amount sought as set out above in our statement, and the court further found that the plaintiff's attorney is entitled to a reasonable attorney's fee ''and that ten per cent (10%) of the aggregate amount of assessments and penalties due and unpaid is a reasonable attorney's fee.

''Wherefore, it is ordered, adjudged and decreed by the court, That the Plaintiff recover of and from the defendant its Special Judgment against each of the respective tracts, the same being the amount of the Special Assessment levied against said tracts of land for the years 1933, 1934, 1935, 1936 and 1937 and the penalty

that has accrued on said amounts since said assessments became delinquent, and aggregating a total sum of Seven Hundred Fifty-one and 57/100 Dollars ($751.57) on all of said tracts together with all costs; and that there be added and taxed as a part of the costs of this case an attorney's fee of ten per cent (10%) of the amount of this Judgment, said attorney's fee to be apportioned to each tract of land.

"It is further ordered, adjudged and decreed, That this Judgment shall be and constitute a first lien on said tracts of land to which only the lien of the State for general, State, County, School, and road taxes shall be paramount, and that this Judgment bear interest at the rate of six per cent (6%) until paid.

"It is therefore, ordered, adjudged and decreed by the court, That said lien be in force and that said real estate or so much thereof as may be necessary to satisfy the Judgment, Interest, and costs be sold and that a Special Execution be issued directed to the Sheriff of Scott County, Missouri, against said real estate."

Objection to the judgment was made and exception saved. In due time motion for new trial was filed, and overruled, and an appeal to this court was had.

The case is presented to us under three general assignments under points and authorities of appellant's brief, and these three points are subdivided. We shall consider them in the order presented.

The first point as presented is, "plaintiff is not entitled to recover because of its failure to comply with the law governing the right to levy and collect taxes." This assignment is divided into seven subheads which we shall consider. (1) It is contended that a tax bill of a drainage district organized under the circuit court act is not admissible as *prima facie* evidence, and that the court erred in admitting tax bills without proper identification and certification. In this case the tax bill was admitted as evidence over the objection and exception of the defendant. It is contended that this was reversible error. Our attention was called to two cases as authority for this contention. These cases are Garden of Eden Drainage District v. Bartlett Trust Co. (Mo.), 50 S. W. (2d) 627; Drainage District No. 3 of Pemiscot County v. Sharp, 59 S. W. (2d) l. c. 757. We find nothing in the first of these cases to support in any way the contention of defendant here, and in the last case above cited, (written by the writer of this) it specifically holds that the question here contended for was not in any way passed on by us, but was expressly excepted from that opinion. In studying statutes pertaining to suits for the collection of taxes under drainage districts, such as in this instance, the procedure is set out under sections 10743 to 10766 of R. S. 1929, Mo. St. Ann., pp. 3463 to 3494.

It is the contention of appellant that because section 10765, *supra,* says the "drainage tax book" of the district shall be *prima facie* evidence, that nothing else can be *prima facie* evidence. We do not so understand the reading of this statute. It is a long section and we do not quote it all here, but we find therein this language, "The pleadings, process, proceedings, practice and sales, in cases arising under this article, shall, except as herein provided, be the same as in an action for the enforcement of the State's lien for delinquent general taxes upon real estate." This section also specifically provides that "The liens established and declared in the preceding sections may and shall be enforced by an action on delinquent tax bills, made and certified by the county collector."

The particular bill or exhibit objected to in this case was a delinquent tax bill made and certified by the county collector. It seems from this particular provision of the statute that the tax bill so made and certified by the collector would be competent evidence. And if this provision were not in the statute, the first part quoted *supra,* providing for the proceedings to be the same as in an action for the enforcement of the State's lien for delinquent general taxes upon real estate would be at least persuasive. In reading section 9953, Mo. St. Ann., p. 7995, in providing for general tax liens upon real estate, we find that section provides for a tax bill to be authenticated by the certificate of the collector, and filed with the petition, and that section says, "said tax bill, or bills, so certified, shall be *prima facie* evidence that the amount claimed in said suit is just and correct." But in addition to the introduction of the tax bills, the plaintiff, as shown by the record before us, introduced the drainage tax books, which showed the exact amounts and for each year as shown by the tax bills.

It is our conclusion that this objection and contention made by the appellant is too technical, and that the court did not err in admitting the tax bills in this case.

Under paragraph 2 of appellant's brief, it is contended that the plaintiff district, since it was organized in 1907, and has not elected to reorganize under the act of 1913, cannot avail itself of any of the amendments of the drainage law made since its organization in 1907. We think, without going into this point in detail, that there is nothing to this point. The Supreme Court expressly held otherwise in State ex rel. Kinder v. Inter-River Drainage District, 246 S. W. l. c. 285.

Under paragraphs 3, 4, 5, and 6 under the first general assignment, the defendant contends that this suit cannot be maintained because the tax book of the drainage district was never delivered to the county clerk as provided, and that no return of said taxes was ever made by the collector, and that the certificate of the Board of Supervisors to the collector in the year 1937 shows that it was made August

31, 1937, when the law provides that it must be certified on or before the first day of March each year. We think it sufficient to say that these are technical informalities relied upon in this case. The answer in this case was a general denial. The statute makes the drainage tax book *prima facie* proof of the amount due the district. These technical matters are collateral attacks, and we hold are too technical to be seriously considered as a defense in a drainage tax suit, such as here. A case in point on this is State ex rel. v. Wilson, 115 S. W. 549, l. c. 571.

In paragraph numbered 7 under defendant's first assignment, it is contended that there is a description of the property in the petition different from the description in the tax books. The abstract shows that under the tax book there was 104.64 acres described, but that in the petition it was described as 94.64 acres, a discrepancy of ten acres. Evidence was offered showing that this ten acres was used for right of way, and that was deducted from the amount shown in the tax book. There were two tracts making up the 94.64 acres and referred to as Lot 3 in the petition. There was no showing that the defendant was, or could be in any way, hurt by this reference to the same lands described in the tax book, less the right of way. We think there is no merit to this contention of defendant.

The defendant's second general assignment of error is stated as follows: "Plaintiff is not entitled to recover because there is a fatal variance between the allegations of the petition and the proof adduced at the trial." Under this assignment there are four subheads, as follows: (1) The levy of taxes in this suit was for the purpose of paying bonds shown to have been refunded, when there should have been a levy made for the payment of the refunding bonds. (2) The original bonds described in plaintiff's petition, and for which levies and assessments were made, have been burned and destroyed after becoming the property of the district. (3) There being no law authorizing a district to levy and collect assessments on bonds that have become its property and have been burned. It being contended that the bonds must be sold and outstanding, and (4) it is claimed the court should not permit a judgment to be entered on a petition claiming the right to tax for principal and interest on the original bonds, when the evidence in this instance shows that the taxes collected will be applied toward payment and interest on refunding bonds.

It has been determined by judicial construction in this State that a refunding bond is not a new debt or obligation of the district, it is the same debt in a different form. [State ex rel. School District v. Smith (Mo.), 121 S. W. (2d) 160, 164.] Respondent calls our attention to the fact that there is no allegation in the petition that the taxes sued for are to be collected for the purpose of paying bonds. And while we do not set out the petition in full in this opin-

ion, upon investigation, we find that to be true. The sections of the statutes providing for such districts gives authority to the board of supervisors the power to levy taxes in order to carry out the functions of the district. Sections 10759 and 10760, R. S. 1929, Mo. St. Ann., pp. 3486 to 3489, cover these provisions and powers of the board, and the record in this case shows that this suit is to collect the assessments or installments determined by the board of supervisors and levied for the years 1933 to 1937. Without setting out in this opinion all the various acts and details of the board in making these levies for these various years, we think it sufficient to say that the record before us shows a substantial compliance with the statutes.

The third and last assignment presented in defendant's brief is that "plaintiff is not entitled to recover because its power to tax has been exhausted." We quote the exact words of appellant in presenting this to us, following:

"The drainage district does not have inexhaustible power to tax. The evidence shows that the total benefits to defendant's Tract No. 1 was $2092, against which $1757.28 is the total levy. Against Tract No. 2 the total benefits were $1099 and total levy $923.16. Of the benefits on Tract No. 1, $1891.81 were used for the years prior to 1933; for 1933 taxes are sought for $237.06, total $2128.87; and on Tract No. 2 for the years prior to 1933, $995.57 were used and for 1933 taxes are sought for $124.47, total $1120.04. Therefore, the power of the district to tax is exhausted as to defendant's land which is charged with more than the benefits against it."

This is followed by a long list of cases and citations which are claimed to be in point. We have examined those cases, and it is our conclusion that they do not sustain the contention of defendant under the facts and record of this case. It is established of course, as held by some of the cases cited by appellant, that a drainage district does not have inexhaustible power to tax.

We must decide this case upon the facts of this case, and the law as applicable thereto. Taking the above quoted statement of the appellant as true, as shown by the evidence in this case, it becomes necessary to determine just what items are included in making the total of taxes. There can be no question as to the benefits. These are fixed as shown by the evidence. What then is to be considered in making up the total of the taxes against each tract? And does that total equal or exceed the benefits upon that tract? The tax bills in this case show that for the year 1933 on tract No. 1 the amount of annual installment for that year was $143.73, amount of interest accrued to date of filing suit on this installment was $79.05, amount of maintenance tax for the year was $9.21, and the amount of interest accrued on maintenance tax to date of filing suit was $5.07, aggregating $237.06 for the year 1933. The amount of these items

for tract No. 2 were set out, as well as for both tracts for each of the five years. These tax bills show the entire amount sued for, and if all the items mentioned are to be taken in making up the total, then there is something to the contention made by the appellant, for these totals taken together show the totals exceed the amount of benefits against each tract of land. The respondent contends that the items of interest are excluded from the aggregate amount each tract bears. In other words, according to the proof offered the benefits on tract No. 1 were shown to be $2092. The portion of that $2092 levied for principal was $920.48, and the amount levied for interest was $836.80. These items totaled $1757.28. To this amount was added an amount for maintenance of $114.02, making an aggregate of $1891.28. With the amount sued for added to this aggregate, it shows that the amount sought exceeds the benefits.

But should the interest on the principal be included? The appellant says yes, the respondent says no. We have examined the cases cited by appellant, and, as we read them, they do not sustain defendant's contention, for in none of them was the particular question as here involved. We have not found a case, nor have we been cited one passing directly on this question. We then must construe the statute ourselves. We find in section 10759, R. S. 1929, Mo. St. Ann., page 3486, specific language with reference to this situation. This section provides that: ''The Board of Supervisors shall . . . levy a tax of such portion of benefits on all lands . . . in the district to which benefits have been assessed, as may be found necessary . . . to pay the costs of the completion of the proposed works and improvements, . . . and in carrying out the object of said district, and plus ten per cent of said total amount for emergencies. The said tax shall be apportioned to and levied on each tract of land or other property in said district in proportion to the benefits assessed and not in excess thereof.'' There could be no question about this part of that section as to the amount of the levy of assessments if such assessment was to be paid in cash. It could not exceed the amount of the benefits. But this same section provides further and without a break in the sentence, as follows: ''and in case bonds are issued as provided herein and hereafter, then the amount of the interest (as estimated by said Board of Supervisors) which will accrue on such bonds shall be included and added to said tax, but the interest to accrue on account of issuing of said bonds shall not be construed as a part of the costs of construction in determining whether or not the expenses and costs of making said improvements are or are not equal to or in excess of the benefits assessed.'' As we view it, the statutes provide for the determination of the amount of benefits that may come to each tract of land. The taxes designated as principal cannot be in excess of the benefits. There are provisions in the statutes that if the

landowner desires, he may pay off the taxes against his tract of land, (which must not be in excess of the benefits) and his lands will thereafter be free from any further assessments for taxes. But if this is not paid by the landowner, (and such was not paid in the instant case) and it becomes necessary to issue bonds and sell them to get money to construct the ditches, then another condition arises, as usually does arise when a person gets something and pays for it on deferred payments. He must pay extra for that privilege. And in this statute a provision is made for installment payments, which of course makes more that the landowner must pay, and in order to give the landowner the privilege of paying on deferred payments or installments, the statutes specifically provide that that may be done, but if it costs more in the way of interest on these deferred payments, that extra cost or interest shall not be construed as part of the cost of construction in determining whether or not the expenses and costs of making said improvements are, or are not, equal to or in excess of the benefits assessed.

We think, under the plain reading and meaning of this statute, that there is no merit to the contention of defendant under this assignment.

The judgment is affirmed. *Tatlow, P. J.,* and *Fulbright, J.,* concur.