THOMPSON, COMMISSIONER OF REVENUES *v.* HOLMES.

5-104                                                     258 S. W. 2d 236

Opinion delivered June 1, 1953.

*O. T. Ward,* for appellant.

*W. A. Leach, Virgil R. Moncrief* and *John W. Moncrief,* for appellee.

GRIFFIN SMITH, Chief Justice.   Appellees were sued jointly by the Commissioner of Revenues for tax and penalties due on twelve cartons of cigarettes purchased at Blytheville in September, 1951, the allegation being that under § 10 of Act 416 of 1941, the amount due would be $25 per package, or $3,000.   From judgments in favor of the defendants the Commissioner has appealed.

Essential facts are that Lula Mae Kandy was employed by Milton Holmes, who inferentially operates a place of business in or near Stuttgart. Lula Mae testified that she was asked by two friends to take them to a highway construction job near Blytheville and borrowed Holmes' car for that purpose. Holmes says he thought she would be gone one day and became alarmed when she did not return when expected, and reported her prolonged absence to the police. As a matter of fact, Lula Mae collided with the rear of a truck near Stuttgart and wrecked Holmes' car. This occurred while she was returning the third day after leaving home. Painful physical injuries were sustained by Lula Mae, but she did not require hospitalization.

Holmes went to the accident scene and took possession of personal effects belonging to Lula Mae. Officers were on hand when Holmes undertook to salvage packages of cigarettes from a broken carton. The testimony does not clearly show whether, when the wreck occurred, there were ten or twelve cartons. Lula Mae insisted she had bought them for Christmas presents and had paid $1.70 per carton. Impeaching testimony was that in municipal court she had said that the cigarettes cost $1.45.

It is conceded that the cigarettes were not stamped. "Consumer" is defined by law to be any person who receives or who in any way comes into possession of cigarettes for the purpose of consuming them, giving them away, or disposing of them in any way other than by sale, barter, or exchange. Ark. Stat's, § 84-2302.

Section 84-2307 reads: "The consumer shall require, when he purchases, receives, takes into his possession, or has delivered to his premises, cigarettes in packages, cartons, or other containers, that the proper Arkansas revenue stamp be affixed to show that the tax has been paid."

As to Lula Mae all of the instructions complained of have not been abstracted and the judgment must be affirmed.

Holmes, however, was the beneficiary of Instruction No. 6 in which the jury was told that if it should find from preponderating evidence that this defendant had possession of the cigarettes, still the state could not recover " . . . unless Milton Holmes knew that said cigarettes were not stamped. If Holmes did not know the cigarettes had no stamps, your verdict will be for Milton Holmes."

There was evidence that Holmes had been in business since 1948. A witness who was at the scene of accident testified that Milton was unloading Lula Mae's clothing from the damaged car and commented that there should be "quite a bit of money that had been taken from his juke box." Upon receiving this information the witness flashed a light, "and [in there] I saw several rolls of money that had been wrapped up."

In view of attending circumstances—Lula Mae's use of Milton's car, presence of the money and this defendant's knowledge that it was there, his acts in undertaking to retrieve the cigarettes, and Lula Mae's status as his employee—substantial inferences were present from which the jury could have found that his interest in the cigarettes was more than the attributes of a good Samaritan.

The transaction falls within the *Gates-Hughson* pattern, 186 Ark. 348, 53 S. W. 2d 581. There the court told the jury that the law would not be violated unless the stamps " . . . had been intentionally removed, to be preserved and used again."

The holding was that absence of the stamps made a *prima facie* showing, casting upon the defendant the law's contemplated burden.

So, in the instant case, it was error to give Instruction No. 6. The judgment in favor of Milton Holmes is reversed and the cause remanded for a new trial. Affirmed as to Lula Mae Kandy.

Mr. Justice McFADDIN dissents as to the Holmes reversal.