LEO WALTON AND MILFORD FULLER *v.* BOB SCOTT, COMMISSIONER OF REVENUES

5-5045 445 S. W. 2d 97

Opinion delivered October 6, 1969

*Donald J. Adams, Mooney Logan* and *Robert B. Brockmann,* for appellants.

*Lyle Williams, J. Victor Harvey, John F. Gautney, L. Phillip McClendon, Hugh L. Brown,* for appellee.

*Henry Ginger* and *Tom Tanner,* for intervenor, *Joe Purcell,* Attorney General.

GEORGE ROSE SMITH, Justice. In September of 1967

the two appellants were discovered to be in possession of a large quantity of stolen property that had been brought to this state from Missouri. See *Walton* and *Fuller* v. *State*, 245 Ark. 84, 431 S. W. 2d 462 (1968). Among the items seized by the investigating officers were 8,940 packages of cigarettes upon which the Arkansas cigarette tax had not been paid. The Commissioner of Revenues brought this action to collect the statutory penalty of $25 a package, or $223,500. Ark. Stat. Ann. § 84-2310 (Repl. 1960). Upon testimony that the officers had examined only one package in each ten-package carton the jury returned a verdict for $22,350, that being one tenth of the amount sued for.

For reversal the appellants contend that the statute is unconstitutional—generally as a denial of due process of law and specifically as a violation of the constitutional prohibition against the imposition of excessive fines. Ark. Const., Art. 2, § 9. The tax was levied at the rate of eight cents a package, or a total of $71.52 upon 894 packages. Counsel insist that the penalty of $22,350 is so disproportionate to the amount of the tax as to be excessive on its face.

The appellants rely principally upon our holding in *Beckler Produce Co.* v. *American Ry. Express Co.*, 156 Ark. 296, 246 S. W. 1, 26 A. L. R. 1197 (1922). There the statute imposed a penalty of two dollars a day for the express company's failure to settle a claim for property damage, but it allowed shippers to delay the filing of suit for any length of time within the period of limitations. Beckler waited for two and a half years before seeking to collect a penalty of $1,740.00 for the loss of a shipment worth $48.66. We held that the statute was so oppressive and went so far beyond its legitimate purpose as to be contrary to the due process and equal protection clauses of the constitution.

That case is not sufficiently similar to this one to be controlling. There the penalty was applicable to a

business transaction between private persons. The statute allowed the shipper, merely by delay, to build up a penalty claim so completely out of proportion to the amount of the asserted loss as to virtually compel the carrier to compromise the demand regardless of its actual merit. By contrast, here the penalty stems from the State's effort to collect a lawful tax, the evasion of which is a criminal offense. Ark. Stat. Ann. § 84-2323. The amount of the penalty is fixed by law and cannot be augmented by any maneuvering on the part of the State. The tax dodger is given fair warning in advance that a violation of the statute carries a fixed penalty with respect to each untaxed package of cigarettes.

In the *Beckler* case we based our discussion upon the premise that "in general, the amount of the penalty prescribed is a matter for the Legislature to determine in its discretion, and the courts will not interfere with its discretion . . . as long as it keeps within the fair and reasonable scope of its power." More specifically, we declared in *Ex parte Brady,* 70 Ark. 376, 68 S. W. 34 (1902), that the imposition of a fine is not a cruel or unusual punishment and that to violate the constitution "the fine imposed must be so excessive and unusual and so disproportionate to the offense committed as to shock public sentiment and violate the judgment of reasonable people concerning what is right and proper under the circumstances."

It could not be seriously contended that a penalty of $25 for the unlawful possession of one package of untaxed cigarettes is excessive. Whether the penalty should be proportionately increased with each additional package manifestly depends upon complex issues of fact. See *Gooch* v. *Rogers,* 193 Ore. 158, 184, 238 P. 2d 274, 285 (1951). To what extent does the maintenance of the state government depend upon tobacco taxes? How much revenue is lost by the importation of untaxed cigarettes, either in large quantities for the purpose of sale or in small quantities by consumers living near the

borders of the state? Would a milder penalty prove to be an effective deterrent to tax evasion? What administrative expense is involved in the enforcement of the taxing statute and in the prosecution and conviction of those who violate it? What has been the experience with respect to the same problem in other states?

We must assume that factual issues such as these were taken up and explored by the legislature as a basis for its adoption of an appropriate penalty for nonpayment of the tax. In the record before us, however, there is no proof touching upon any of such relevant questions. We are asked to declare as a matter of law, with no knowledge of the facts, that a penalty of $22,350 for the evasion of a $71.52 tax is so excessive as to shock public sentiment and violate the judgment of a reasonable people. We may note, by analogy, that had the appellants stolen even half of $71.52 they might have been convicted of grand larceny and might have been punished by imprisonment for twenty-one years. Ark. Stat. Ann. § 41-3907 (Repl. 1964). Beyond question, reasonable minds may differ about what is or is not an excessive punishment.

Finally, the appellants' demand that we hold the statute unconstitutional insofar as this case is concerned would draw the judiciary into an area that is best left to the legislature. As we have already said, a penalty of $25 for the unlawful possession of one package of untaxed cigarettes is certainly not unconstitutionally excessive. Apparently no one thought in *Thompson* v. *Holmes,* 222 Ark. 233, 258 S. W. 2d 236 (1953), that the penalty there involved—$3,000 for the unlawful possession of 120 untaxed packages—was so severe as to cast doubt upon the validity of the statute. We can find in the constitution no yardstick enabling us to announce with confidence that the penalty is valid when one package is involved, that it is valid when 120 packages are involved, but that it is not valid when 894 packages are involved. See *State* v. *O'Neil,* 58 Vt. 140, 2 Atl. 586

(1886), writ of error dismissed, *O'Neill* v. *Vermont,* 144 U. S. 323 (1892). Perhaps a case might arise—especially one raising no issue of criminal intent—when the amount of the penalty might fairly and reasonably be said to be excessive, but we do not feel justified in reaching that conclusion in the case at bar.

Affirmed.