THE STATE ex rel. BEVERLY C. STEVENS v. G. A. WURDEMAN, Judge of Circuit Court, and FRED E. MUELLER, Prosecuting Attorney.

In Banc, December 6, 1922.

1. **PROHIBITION: Inadequacy of Appeals: Many Pending Indictments: Discharge: Limitations.** The fact that a great many indictments of about the same date against relator are pending and that appeals from convictions thereunder would not afford an

State ex rel. Stevens v. Wurdeman.

adequate remedy, prohibition against the circuit judge and prosecuting attorney of the court in which three of said cases are pending, to prevent them from putting him on his trial therein and to obtain his discharge without trial, on the ground that more than four terms of court have expired since they were returned and numerous continuances at the request of the State were granted, is the proper and only adequate remedy. But respondents do not question the remedy, and in such situation it will be held that prohibition is the proper and only adequate remedy unless the remedy sought is so patently against the law that the court would feel constrained upon its own motion to question its propriety.

2. ———: **Demurrer: Admitted Fact: Right of Indictee to Discharge.** Facts well pleaded in the petition for a writ of prohibition are admitted by a demurrer thereto, and leave as the only question for decision whether said facts entitle defendant under the law to the relief prayed.

3. **CONTINUANCES: Four Terms: Discharge of Indictee.** The State must bring a defendant, to trial within four terms after the indictment is found unless by some act of his own, he has extended or tolled the time. When the court is satisfied, by a showing made on the application for a continuance by the State, that there is material evidence that might be had and that reasonable but unsuccessful effort has been made to obtain it, the cause may be continued by the State to a fourth term, under the statute (Sec. 4042, R. S. 1919); but if no such showing is made, and there have been continuances at three terms, but not upon his application and not occasioned for want of time to try him at the third term, he is entitled to his discharge. In either case the term at which the indictment was returned is not counted.

4. ———: ———: ———: **Sufficient Pleading: Special Facts.** Allegations by relator in prohibition that more than five terms of court have elapsed since he was indicted and that the continuances were not upon his application or with his consent or caused by want of time to try the case, being admitted by demurrer, entitle him to his discharge. But where these allegations are followed by other pleaded facts, the question will be whether such other specific facts change the situation and whether with them in view he is entitled to his discharge.

5. ———: **Conviction: Sentence: Trial Upon Other Indictments: Laches.** Where there are many indictments pending against defendant, and he has been convicted upon one of them, if the State wishes to put him upon trial upon others, whether they are pending in the same county or by change of venue in other counties, it must have sentence delayed until he is tried on such other in-

State ex rel. Stevens v. Wurdeman.

dictments; and if it permits judgment of sentence to be entered, it is guilty of laches.

6. ————: ————: ————: ————: **Imprisonment.** If a defendant is convicted of a felony and judgment of sentence is pronounced, he cannot be tried upon other indictments pending the period of his incarceration; and if because of the fact that he is confined in prison, the other cases are continued by the State, but not because of lack of time to try him, such continuances are to be counted in his favor. The proper course for the State when a verdict of guilty has been returned is to have the judgment of sentence postponed, if it wishes to put defendant upon trial under other pending indictments.

7. **CONTINUANCES: Five Terms: Imprisoned Indictee: Discharge: Case Stated.** Seventy-six indictments against relator, some found in December, 1914, and others in June, 1915, were returned by the grand jury of St. Louis County. Some of them were taken by change of venue to the city of St. Louis; and there in a trial of one of them in May, 1915, a verdict of guilty and assessing his punishment at three years' imprisonment was returned, but sentence, at the request of the prosecuting attorney, was postponed. In July, 1915, he was placed upon trial in St. Charles County, in one of the cases taken to that county by change of venue, convicted and sentenced to three years' imprisonment in the penitentiary. After serving said sentence, a judgment of sentence was entered in the case tried in St. Louis in 1915, and in March, 1920, he was again imprisoned and discharged in December, 1921. In his petition he alleges that the three remaining cases pending in respondent's division of the Circuit Court of St. Louis County have been continued at more than five terms and that the delays were not caused by his application or by want of time in which to try him. *Held*, that said allegations are admitted to be true by respondent's demurrer to the petition, that they clearly bring the defendant within the protection of the statute, and he is entitled to his discharge.

## Prohibition.

PRELIMINARY RULE MADE ABSOLUTE.

*Wood & Teasdale* for relator.

(1) "In a case like this where relator if he could not have the relief prayed would be compelled to go to trial in" 76 "cases, then if defeated would have to give bond in each case, take an appeal in each case, pay for a transcript in each case, pay a docket fee in each case . . . as well as counsel fees in each court, it must be conspicuously obvious that such appeals, although available, would be 'inadequate to meet the emergencies of the case or afford the redress to which the injured party is entitled.'" State ex rel. Anheuser-Busch Assn. v. Eby, 170 Mo. 497. (a) Prohibition is the appropriate remedy where courts have proceeded to exceed the bounds of legitimate power and authority. R. S. 1919, sec. 2057; State ex rel. Orr v. Latshaw, 237 S. W. 770; State ex rel. McEntee v. Bright, 224 Mo. 514; State ex rel. Mo. Pac. Ry. Co. v. Williams, 221 Mo. 227. (b) And this even though a remedy by appeal exists where such remedy is not reasonably adequate, speedy and efficient. State ex rel. Orr v. Latshaw, 237 S. W. 770; State ex rel. Knisely v. Jones, 274 Mo. 395; State ex rel. Minn. Mutual Life Ins. Co. v. Denton, 229 Mo. 187; State ex rel. Anheuser-Busch v. Eby, 170 Mo. 497. (c) And that the lower court has ruled *contra* to a right given by an express statute is an additional circumstance favoring relief by prohibition, as is also the fact that the court's action is not justified by the record or involves the destruction of rights which cannot be restored. State ex rel. Knisely v. Jones. 274 Mo. 395; State ex rel. Anheuser-Busch v. Eby, 170 Mo. 497; State ex rel. Minn. Mut. Life Ins. Co. v. Denton, 229 Mo. 187; State ex rel. Elam v. Henson, 217 S. W. 17; State ex rel. Aiken v. Buckner, 203 S. W. 242. (2) Any person indicted for an offense and held to answer on bail, shall be brought to trial before the end of the fourth term thereafter or shall be discharged. R. S. 1919, secs. 4041, 4042, 4043 and 4044; Mo. Constitution, art. 2, sec. 22; State v. Wear, 145 Mo.

162; State v. Keefe, 17 Wyo. 227; Arrowsmith v. Tennessee, 131 Tenn. 480; People v. Smith, 2 N. Y. Crim. 45; State v. Stalnaker, 2 Brev. 44; State v. Thompson, 32 Minn. 144. (3) Incarceration under a sentence does not arrest the operation of the special Statute of Limitations and does not affect a defendant's right to be discharged if not brought to trial within the statutory period. State v. Keefe, 17 Wyo. 227; Arrowsmith v. Tennessee, 131 Tenn. 480; People v. Smith, 2 N. Y. Crim. 45; State v. Stalnaker, 2 Brev. 44; State v. Thompson, 32 Minn. 144; Flagg v. State, 11 Ga. App. 37; Gaines v. State, 53 S. W. (Tex.) 623; People v. Flynn, 7 Utah, 378; Re Garvey, 7 Colo. 502; Dudley v. State, 55 W. Va. 472. (4) It is incumbent on the prosecution to show that the delay is within some exception in the statute. 12 Cyc. 499. (5) These limitations statutes are to be liberally construed, as they are in aid of a defendant's constitutional guarantees. State v. Wear, 145 Mo. 162. (6) The State can defer sentence to suit its convenience for further trials, and an accused should be tried on all the cases the State desires to prosecute before the State permits sentence to be entered in any case. R. S. 1919, sec. 3697; State v. Barnes, 274 Mo. 625; State v. Bell, 212 Mo. 130; Ex parte Meyer, 44 Mo. 729; State v. Watson, 95 Mo. 411.

*J. C. Kiskaddon* for respondents.

(1) The term at which an indictment is found is not to be counted in computing the time within which the defendant must be tried. Robertson v. State, 12 Mo. 592; State v. Haines, 160 Mo. 565; State v. Riddle, 179 Mo. 292; State v. Schyhart, 199 S. W. 205. (2) To entitle defendant to discharge there must appear to have been laches on the part of the State. State v. Huttig, 21 Mo. 475. (3) Nothing else appearing, it will be presumed that continuances granted to the State and by the court of its own motion were for good and sufficient reasons. State v. Nugent, 71 Mo. 147. (4) Al-

though there is a general allegation that the cases in question were not continued for want of time to try them, but that, on the contrary, there was time, yet the particular allegations show that there was not time, and they control.  State v. Balling, 105 Mo. 213.  (5)  It does not appear that the continuances were granted on application of the State, but were ordered by the court of its own motion.  It follows, therefore, that relator is not entitled to a discharge.  State v. Marshall, 115 Mo. 388.  (6)  ''From the time of the conviction and sentence of defendant in the first case he was in legal contemplation in a custody different from that of the circuit court, and could not be put on trial in another case until he had served out his time for which he had been sentenced in the first, or until the judgment and sentence in the first case had been set aside or reversed; until then it is deemed to be in full force and effect.''  State v. Buck, 120 Mo. 496; Myers, ex parte, 44 Mo. 279; Jackson, ex parte, 96 Mo. 116; Allen, ex parte, 196 Mo. 231; State v. Bell, 212 Mo. 131; State v. Barnes, 274 Mo. 628.  (7)  Although not directly involved in this case, yet there are allegations in the petition that a large number of cases were transferred by change of venue to a number of counties.  These changes of venue were ordered at the January. term, 1915 (February 23, 1915), of the St. Louis County Circuit Court, the term succeeding the term at which the indictments were returned.  As the State cannot take a change of venue they must have been granted at the instance of relator, or by the judge of his own motion.  The first term of the court occurring after the change in the counties to which they are sent cannot be counted in computing the time in which a defendant is entitled to discharge.  May 17, 1915, relator was tried, in the St. Louis Criminal Court, found guilty, and sentence deferred.  July 12, 1915, he was convicted and sentenced in the St. Charles Circuit Court.  There was no time thereafter in which he could have been brought to trial in any of the cases taken by change

of venue to other courts within the limit of time pre-
scribed by statute until December 24, 1921.   State v.
Cox, 65 Mo. 31; State v. Foster, 206 Mo. App. 344.

GRAVES, J.—Original action in prohibition.   Re-
spondents are (1) one of the circuit judges of St. Louis
County (13th Judicial Circuit) and (2) the prosecuting
attorney of said county.

Relator, Stevens, has pending against him some
seventy-six indictments, of which five are yet pending
in St. Louis County.   All were originally pending in St.
Louis County, but upon his application all except five
were changed in venue to other counties and the city of
St. Louis.   The five yet pending in St. Louis County were
found on June 22, 1915, whilst the others were found in
December, 1914.   These indictments charged defendant
either with embezzlement and grand larceny, or with ob-
taining money under false pretenses.

Respondent Wurdeman is Judge of Division No. 2
of the St. Louis County Circuit Court, and as such has
pending before him three of the said five criminal
charges filed June 22, 1915, to-wit, Nos. 27689, 27691, and
27693.   The relator filed a motion for discharge in No.
27689, but for the purpose of this case the particular
charge is not material, because, in ultimate facts, the
situation is the same.

Relator charges in effect that this cause, as well as
others pending, have been "continued twenty-two times
during a period of seven years, wherein which period
there elapsed nineteen terms of the Circuit Court of St.
Louis County.   That all these continuances were with-
out relator's application or consent, and never because of
time to try said cause."   This is met by a demurrer,
presently to be stated.   Evidently counsel were trying
to state facts and make an issue of law, so that in addi-
tion to the averment, supra, the petition says:

"Relator states that he had not previously applied
for discharge for the following reasons:   That on De-

cember 16, 1914, the grand jury in and for St. Louis County, Missouri, found and returned an indictment for embezzlement against the defendant; that thereafter a plea of 'not guilty' was entered, and on January 27, 1915, a change of venue was granted to the defendant to the Circuit Court of the City of St. Louis, cause being Indictment No. 193, February Term, 1915; that thereafter on the 17th day of May, 1915, a trial was had and a verdict rendered, finding the defendant guilty of the offense charged and assessing his punishment at three years' imprisonment in the Penitentiary; that sentence then about to be pronounced was deferred at the suggestion of one Hiram Moore, Assistant Circuit Attorney; that on the 12th day of July, 1915, the defendant was put upon trial in St. Charles County on an indictment charging forgery, which indictment had been found by the grand jury on November 4, 1914, and in this said St. Charles case the jury returned a verdict of 'guilty' and the punishment of the defendant was assessed at three years' imprisonment in the State Penitentiary, and on July 13, 1915, defendant was sentenced to the State Penitentiary. An appeal was allowed to the defendant to the Supreme Court of the State of Missouri, he giving a statutory appeal bond, being case No. 19687 of the Supreme Court of the State of Missouri, wherein on December 6, 1916, the judgment of the circuit court was affirmed; that on the 15th day of December, 1916, he was committed to the State Penitentiary. Thereupon he proceeded to serve that term to its full extent, less such time as his term was decreased by the operation of the merit system, the defendant being what is known as a model prisoner and thus entitled to the maximum benefit conferred by the merit system then in force; that on either the 18th or the 19th day of November, 1918, defendant having completed his term as aforesaid was released from the Penitentiary, at which time he was not under sentence in any case; that he was taken by a guard, sent by the Prosecuting Attorney of the Circuit Court of

the City of St. Louis, to the said circuit court, where sentence was pronounced on Indictment No. 193, and his punishment fixed at three years' imprisonment in the Penitentiary of the State of Missouri; whereupon defendant took an appeal to the Supreme Court of the State of Missouri, giving a statutory appeal bond, where on March 13, 1920, the judgment of the lower court was affirmed, this being case No. 21834, Division Two, of the Supreme Court of the State of Missouri; that on March 27, 1920, he was again committed to the State Penitentiary to serve the then sentence of three years. By virtue of the defendant again being a model prisoner and thereby receiving the benefits of the merit system, defendant again received the maximum benefit permitted thereunder and was on the 24th day of December, 1921, duly dismissed from the State Penitentiary and is now at large, and there are now pending against said defendant indictments in the following counties: Montgomery, Franklin, Warren, Gasconade, and in the city of St. Louis, all of which were found prior to the trial or sentence in either case above referred to, and all of which were taken by change of venue from St. Louis County, and more particularly there are pending against him indictments in the Circuit Court of the County of St. Louis, State of Missouri, being causes Nos. 27689, 27690, 27691, 27692 and 27693, which were filed June 22, 1915, prior to sentence in either case above referred to. Considerably in excess of four terms, to-wit, nineteen terms, of the Circuit Court of the County of St. Louis have expired since the finding of all the aforementioned indictments, and considerably more than four terms, to-wit, eight terms, have expired since the 19th day of November, 1918; that the defendant has not been tried on the indictments now pending; that at no time has he, nor any one for him, applied for a continuance of any of the said indictments or consented or acquiesced or in any other wise played any part in the continuances of said indictments, nor have they been at his solicitation,

and further that the said continuances have not been entered, ordered or permitted as a result of or have not been occasioned by the want of time to try such cause or such causes at the third term, fourth term or any subsequent or prior terms of said Circuit Court of the County of St. Louis, nor as a result of any of the matters mentioned in Revised Statutes 1919, Section 4042.

"Relator further respectfully states that he has filed in each of said criminal prosecutions in all jurisdictions above mentioned, a motion to be discharged, in words and figures as follows, to-wit (caption and formal parts omitted):

"'Now comes defendant, appearing solely for the purpose of this motion and for no other purpose, and respectfully shows to the court that he was not brought to trial before the end of the third term nor before the end of the fourth term after the finding of this indictment; which was found at the May Term, 1915, of the Circuit Court of St. Louis County, and that this cause was not continued from the third term nor from the fourth term after the indictment was brought for the purpose set out in Section 4042, Revised Statutes 1919; that the delay in bringing him to trial has not resulted from any application of his, and that said delay has not been occasioned by want of time on the part of the court to try the cause at the third term or at the fourth term, or any prior term thereof, or any subsequent term thereof; that on account thereof the petitioner is entitled to be discharged.

"'Wherefore petitioner prays to be discharged and that a judgment be entered as provided by law.'

"That Relator, by his attorneys, did file the above motion in the cases pending in St. Louis County and more particularly in cause No. 27689, in Division No. 2 of said Circuit Court of St. Louis County.

"That the facts stated in relator's motion were conceded to be correct.

"That a transcript of the record in said cause No. 27689, shows the following entries and continuances, opposite which relator has signified the terms that have elapsed.

"'6-22-15. Indictment filed              May Term, 1915
    Capias to Co. Sheriff

"'6-25-15. Capias returned by County Sheriff executed.

    "'Arraignment, reading of indictment waived, plea of not guilty. Deft. recognized in open court in sum of $500, with surety, to appear July 21, 1915, and thereafter.

"'9-18-15. Continued.              Sept. Term, 1915

"'10-12-15. Cause continued.

"'1-26-16. Continued.              Jan. Term, 1916
                              "'May Term, 1916

"'Sept. 16, 1916. Continued.              Sept. Term, 1916

"'10-3-16. Continued
                              "'Jan. Term, 1917

"'May 5, 1917. Continued to next term.              May Term, 1917

"'5-21-17. Continued.

"'Sept. 15, 1917. Continued to next term.              Sept. Term, 1917

"'Jan. 23, 1918, Jan. Term, 1918. Continued pending sentence in another case.

"'May 29, 1918, May Term, 1918. Continued pending sentence in another case.

"'7-14-1918. Continued to next term.              Sept. Term, 1918

"'4-30-18. Continued pending sentence in another case.

    [Between these dates there was a time in which defendant was not under sentence or confined in the Penitentiary.]

"'5-20-19, May Term, 1919. Continued pending sentence in another case.

"'9-13-19, May Term, 1919. Continued pending sentence in another case.

"'9-29-19. Continued pending sentence' in another case.

"'1-19-20, Jan. Term, 1920. Continued pending sentence in another case.

"'5-17-20, May Term, 1920. Continued pending sentence in another case.

"'9-20-20, Sept, Term, 1920. Continued pending sentence in another case.

"'Apr. 30, 1921. Continued to next term. Jan. Term, 1921.

"'5-2-21, May Term, 1921. Continued, defendant under sentence in another cause.

"'12-30-21, Sept. Term, 1921. Motion for discharge filed.

"'January 7, 1922. Continued to next term.

"'3-11-22, Jan. Term, 1922. Affidavit in support of motion to dismiss filed.

"'3-13-22. Motion for discharge overruled. Cause redocketed for trial.'

State ex rel. Stevens v. Wurdeman.

"That on January 4, 1922, the said motion was orally argued and submitted by counsel for your petitioner and respondent Mueller, Prosecuting Attorney of said St. Louis County, for the State of Missouri, before the respondent the Hon. G. A. Wurdeman; that then, as now, relator urged that the limitations-period of Revised Statutes 1919, Section 4041 et seq., began to operate in his behalf with the first term after that at which said indictments were found, but that if it did not begin to operate at that time, it did so begin after the 19th day of November, 1918, notwithstanding in either case any sentences imposed upon him at any time.

"That thereafter, to-wit, on March 13, 1922, said motion for discharge and dismissal was in said cases overruled by the said respondent.

"Relator further states that respondent, the Hon. G. A. Wurdeman, having overruled said motion, has assumed jurisdiction in causes Nos. 27689, 27691 and 27693, and has caused the same to be set for trial and is threatening to and will proceed to try and dispose of said causes unless the relief herein prayed for be granted, and that respondent Mueller has caused and is causing all the other prosecutions above mentioned, pending in St. Louis County and in various other counties, to be set and called for trial and that the same will be tried and said respondent Mueller will proceed to try said causes unless such relief be granted.

"Relator further states that as a result of the said order, overruling said motions and setting said cases for trial, and as a result of the intention of said respondents to proceed to try relator, he has been and is being and will be deprived of his right to be released and discharged of the offenses charged in said indictments. That this right is given by the statutes of the State of Missouri, enacted to insure to such as be the benefits that flow from denial of his constitutional right to a speedy trial, and that therefore such action and the impending action of the respondents are contrary to ex-

press statutes of the State of Missouri, and a depriva-
tion of relator's constitutional rights.

"Relator further states that remedy by appeal is
not adequate, prompt and efficient, for the reasons that
he will be forced to prepare for trial in seventy-six cases
and stand trial in seventy-six cases, and if convicted will
have to take numerous appeals, file numerous bonds and
docket fees, and prepare numerous briefs, to-wit, sev-
enty-six, and he will otherwise be put to great and ir-
reparable injury, expense and injustice.    That unless
this Honorable Court will grant the writ herein prayed.
for; such a course will result, so as to cause expense, de-
lay and multiplicity of trials and appeals for this Honor-
able Court and for the respondents and for relator,
whereas the same question exists and has been and will
be presented in all the cases aforementioned.    And if
this Honorable Court will grant a writ of prohibition
and hear and determine the point involved, great in-
justice will be spared to all parties.

"That in all the proceedings aforesaid, respondents
have exceeded and are exceeding their legitimate power
and authority in not discharging relator, and are threat-
ening to deny to relator his right to be at liberty, which
cannot be restored.

"That the action of this Honorable Court herein will
determine the action of respondent Mueller and relator
in each case in every county now pending, and expedite
the ends of justice.

"And the action of said respondent the Hon. G. A.
Wurdeman, in failing to discharge relator, is not within
the jurisdiction conferred by the record in said cause in
that no excuse on the part of the State was presented by
said record for failure to put relator on trial within four
terms.

"Wherefore your petitioner, the relator, imploring
the aid of this Honorable Court, prays to be relieved,
and that he may have the State's writ of prohibition,
directed to the said Hon. G. A. Wurdeman, Judge of

Division No. 2 of the Circuit Court of St. Louis County, Missouri, to prohibit him from pursuing and holding the wrongful, excessive, and assumed power, authority and jurisdiction of the said Division No. 2 of the Circuit Court of St. Louis, Missouri, presided over as aforesaid by the respondent, the Hon. G. A. Wurdeman, and the said respondent Fred E. Mueller, Prosecuting Attorney of St. Louis County, Missouri, prohibiting him from causing to be prosecuted and prosecuting said cases aforementioned, and that a preliminary rule in prohibition go forth from this Honorable Court against said respondents, commanding them and each of them to show cause upon specified date, why final judgment in prohibition should not be ordered, and commanding them in the meantime to refrain from further proceeding. in all of said causes; that the preliminary rule be made absolute on final hearing; that relator be ordered discharged of and from all said indictments and prosecutions, and for such other and further orders as to this court may seem just, reasonable and proper.''

To this petition the respondents filed a demurrer as follows:

''Now at this day come the respondents, G. A. Wurdeman and Fred E. Mueller, and demur to the petition and alternative writ of prohibition filed herein, for the following reasons, to-wit:

''Neither said petition nor writ states facts sufficiently to entitle the relator to a writ of prohibition in this, to-wit:

''(1)   It appears that from June 22, 1915, the date when the indictments in question were returned by the grand jury, there was no time at which relator was not under recognizance to appear at the same term (May Term, 1915) at which the indictments were returned, and thereafter; that before such date arrived relator had been convicted and sentenced in another court of another felony and had appealed therefrom, and that thereafter there was no time until December 24, 1921,

when, an appeal taken by relator was not pending in the Supreme Court, or when he was not being taken under guard to a court in which he had been convicted to be sentenced, or when he was not serving a sentence in the Penitentiary.

"(2)    Notwithstanding the general allegation that there was time in which relator might have been tried, it appears by the particular allegations that there was no such time prior to December 24, 1921."

Respondent Wurdeman is now threatening to try relator upon charges before him. These are the vital facts.

I. Relator briefs *in extenso* the point of prohibition being the proper and only adequate remedy. Respondents in their brief do not question the remedy, and hence this matter drops out of the case, unless the remedy sought was so patently against the law that this court would feel called upon to take up the matter upon its own motion. With the great number of cases pending an appeal would not afford an adequate remedy. Cases to this effect are cited, but as respondents do not question the right of relator to the present proceedings, we shall not further deal with this matter.

Prohibition: Inadequacy of Appeals.

Under authorities cited we think it is a well-founded action. See brief of relator for the cases.

II. The sole question in this case is whether or not defendant is entitled to a discharge under the facts pleaded in the petition. This, because the State, through the respondent, demurs to the pleaded facts. If those facts, admitted, as they are by the demurrer, entitle defendant to a discharge, such judgment should be indicated by our ruling herein. The statute relied upon by relator are Sections 4041, 4042, 4043 and 4044, Revised Statutes 1919. Section 4040, provides for one not under bond, and hence has no application. Section 4041 reads:

Continuances by the State.

"If any person indicted for any offense, and held to answer on bail, shall not be brought to trial before the end of the third term of the court in which the cause is pending which shall be held after such indictment found, he shall be entitled to be discharged, so far as relates to such offense, unless the delay happened on his application, or be occasioned by the want of time to try such cause at such third term."

Section 4042 simply extends the time for discharge one term, when the court is satisfied upon a showing made by application for continuance on the part of the State, that there is material evidence for the State which might be had, and that reasonable effort has been made to secure it. This entitles the State to one more term, in addition to the three terms named in Section 4041, supra. No further continuance can be allowed to the State, under the terms of this section. Under all these statutes the time limited to bring a defendant to trial is the fourth term after indictment found, provided the defendant by some act of his own has not tolled or extended the time. The term of indictment is not to be counted in fixing the number of terms. In the case at bar the facts are of record, and in cold type.

Were it not for the specific facts later pleaded by relator, there would be no question of his right to a discharge. In other words he pleads that more than five terms have elapsed since his indictment, and that whilst his cases were continued, the said continuances were not upon his application, or with his consent, or by reason of the fact that the cases had to be continued because of want of time to try them. These facts stand admitted by the demurrer, and would entitle defendant to a discharge, unless the specific facts thereafter pleaded in his petition, change the situation. These statutes are special statutes of limitation. [State v. Wear, 145 Mo. l. c. 185, at bottom of page.] This whole case turns upon the specific facts pleaded, in that they follow the general averments above indicated. If these special facts plead-

ed do not change the situation, relator is entitled to a discharge. Of these facts later.

III.   These pleaded facts we have set out in full in our statement, supra. This because around them hinges the whole claim of the State. As said, with the exception of five indictments found in June, 1915, all the indictments were changed in venue to the city of St. Louis, and adjoining counties in the State. In one case sent to the city of St. Louis, Stevens was placed upon trial and convicted in May, 1915. Upon proper suggestion of the State, sentence was postponed, and hence no final judgment in that case at that time. In July, 1915, defendant was put upon trial in St. Charles County upon another indictment, found guilty and sentenced to the Penitentiary. From this judgment defendant appealed and when the judgment was affirmed by this court on December 6, 1916, he shortly thereafter, on December 15th, entered upon his service in the Penitentiary. Upon the completion of his sentence (time for good behavior being allowed) he was discharged from the Penitentiary, but taken by the State to St. Louis to be sentenced upon the first case tried. From the judgment in that case he appealed, but it was affirmed by this court March 13, 1920, and upon March 27, 1920, he entered the Penitentiary, and served the time of his sentence and judgment, less time allowed for good behavior. This discharge was upon December 24, 1921, since which time Stevens has been at large and undisturbed until he filed his motion for discharge, under the statutes, in the case involved here, and other cases. The motion for discharge, involved in the present case, was argued January 4, 1922, and overruled by the court on March 13, 1922, and respondent is threatening to try the three cases pending before his court, including No. 27689. The foregoing is a summary of the facts pleaded upon which the State claims the right to further prosecute Stevens. The facts in full are in our statement. This record (verbose as it is) shows that no continuance

of his case was upon his application. It shows contin-
uances entered, but does not show that Stevens was a
party to such action, either by active or passive par-
ticipation therein. In other words he neither asked for
the continuances, nor by act, or word, did he consent to
the same. The record discloses that in case No. 27689,
the one involved here, that the court made some entries
to this effect: ''Continued· pending sentence in another
case.'' These have reference to the St. Charles County
judgment of July, 1915. But on November 18th or 19th
he was discharged from this judgment, by release from
the Penitentiary on such date. At this time he was not
under sentence in any case. True it is, that he had been
found guilty in the city of St. Louis, but sentence and
judgment had been deferred. At this point the State
could have further deferred the judgment and placed
defendant upon trial in the case involved here, or in any
other pending case. The State did not see fit to so do,
but had judgment and sentence entered in the case in the
city of St. Louis. If not otherwise, and at other times,
the State at least ''slipped a cog'' here, if we be per-
mitted to adopt the slang of the street. In other words,
if these statutes are Statutes of Limitation, then they
would at least begin to run here, if in law and fact, they
did not run sooner. Here the State was just where it
was when it had the sentence deferred in St. Louis, and
tried the defendant in St. Charles County. It could have
again deferred this sentence, and called for a trial up-
on the indictment involved in this case, or some other
pending indictments. Of course if the terms had elapsed
this might have been different. The whole thing rest-
ed with the State, as it did when the verdict was first
returned in the case tried in the city of St. Louis. So
if there was laches in the further prosecution of cases
against Stevens, the State must be charged with not
availing itself of an opportunity to prosecute at a time
when there was no judgment of conviction. There is
a vast difference between a verdict of conviction, and a

judgment and sentence in the case.   The State recognized its situation when a delay of sentence was asked upon the first conviction.   It was then fully cognizant of the statutes, and could have done the same thing before the sentence and judgment in the St. Louis case. Simply because cases were pending in different circuit courts cannot change the situation, so far as the State is concerned.   It could have done, just as it did do before the trial in St. Charles County.   Even there it might have asked delay of sentence, had it desired trials upon other pending cases, including the case involved here.   So as to laches, if the facts are considered, the State has been guilty.   The exact legal status we take next.

IV.   By learned counsel for respondent we are cited to a line of cases beginning with Ex parte Myers, 44 Mo. l. c. 282, and ending with State v. Barnes, 274 Mo. l. c. 628.   The leading case of this line is State v. Buck, 120 Mo. l. c. 496.   The gist of these rulings is that where one has been tried, found guilty, and the judgment of sentence entered, such person cannot again be placed upon trial until he has served such sentence.   Of this doctrine we find no fault, but throughout these cases will be found the further idea that after a verdict of guilty, the sentence and judgment may be postponed until defendant is tried upon other criminal charges pending.   This right the State exercised as against Stevens, and the State could have gone further and tried other charges before having judgment and sentence entered in either.   These rules are not incompatible with the statutes relating to trials, mentioned, supra.   These statutes were passed for the purpose of enforcing that proviso of the organic law which guarantees to one charged with crime a speedy trial. [State v. Keefe, 17 Wy. 227.]   Our rule that one under sentence cannot be taken from the penitentiary, and tried upon another charge, is against the weight of authority.   In fact we seem to stand alone on that doc-

trine. [Re application of Tranmer, 41 L. R. A. (N. S.) 1095, and note.] The general rule is that one serving a term can be tried for another offense. The learned annotator says: ''The only jurisdiction which has refused to follow the rule that one undergoing sentence may be put upon trial for another offense committed prior to sentence is Missouri.''

Our rule has been so long established that it is not our purpose to now disown the doctrine. It may be right in principle. For the purpose of this case, such is not necessary. Cases outside of this State can only bear upon the question in a general way, because of our different rule. If a State rules that one can be tried for an existing offense pending judgment and sentence in another case, then it can readily be understood why such states would rule that Penitentiary confinement would not toll these statutes. Our rule forces us to take another angle for a reason to discharge Stevens. This reason comes from the statutes themselves, under the facts we have recited. The statute is mandatory, and imposes upon the State the duty to bring the defendant to trial ''before the end of the third term of the court'' after the term at which the indictment was found. The burden is upon the State to exclude the exceptions. [12 Cyc. 499.] The statute makes but two exceptions, and hence there are but two ways in which it can be tolled in the interest of the State. First, if delay is occasioned on application of defendant. The record shows no such application. Secondly, if the delay be occasioned for want of time to try the case. The record shows no such fact. On the other hand it is pleaded that there was time to try the case, and the demurrer admits this fact, as it also admits the fact of defendant having made no application for delay. The fact that defendant was in the penitentiary was not a matter of his choosing. It does not fall within the exceptions named in the statutes. These are criminal statutes and should be strictly construed in the interest of the

liberty of the citizen. The statute says the defendant "*shall* be entitled to be discharged" save in the two excepted situations, supra. Usually the use of the word "shall" indicates a mandate, and unless there are other things in a statute it indicates a mandatory statute. Especially is this true in a statute calling for strict construction.

So in this case, the State could have protected itself, had there been a desire so to do. Notwithstanding our rule, the State could have delayed sentence, until it was fully satisfied with the number of convictions. In not so doing the State sinned away its days of grace, and defendant is entitled to the pound of flesh granted to him by the mandatory language of the statute.

The rule is made absolute, save and except that the trial judge may enter a judgment dismissing the said indictment. All concur; *James T. Blair, J.*, in points 1 and 2 and the result.