STATE of Missouri, Respondent,

v.

Doyle Howard MACE, Appellant.

No. 53323.

Supreme Court of Missouri,
Division No. 1.

May 13, 1968.

---

Norman H. Anderson, Atty. Gen., Jefferson City, Cyril J. Clancy, Asst. Atty. Gen., Clayton, for respondent.

William A. Moon, Springfield, for appellant.

HIGGINS, Commissioner.

Appellant was convicted by a jury of the felony of possession of amphetamine sulfate, a drug designated by the Division of Health to be a stimulant. Section 195.-240, V.A.M.S. Pursuant to the verdict and upon a finding of prior conviction, the court assessed appellant's punishment at three years in the custody of the Department of Corrections and sentenced him accordingly. Sections 556.280 and 195.270, V.A.M.S.

■. Appellant's brief states that "inasmuch as the appellant is urging only the matter of his application for a discharge on this appeal, only the evidence in connection therewith is discussed." Accordingly, suffice to say a review of the record shows ample evidence to sustain the conviction.

The issue, then, is appellant's charge that the court erred in denying his application for discharge for failure of the state to bring his case to trial before the end of the fourth term of court under Sections 545.900 and 545.920 V.A.M.S., relating to discharge of defendants, and Section 478.-285, V.A.M.S., relating to terms of court, all of which provide:

"545.900. Defendant on bail—discharge if not tried before end of third term.

"If any person indicted for any offense, and held to answer on bail, shall not be brought to trial before the end of the third term of the court in which the cause is pending which shall be held after such indictment found, he shall be entitled to be discharged, so far as relates to such offense, unless the delay happened on his application, or be occasioned by the want of time to try such cause at such third term."

"545.920. When defendant not entitled to discharge.

"In all cities or counties in this state in which there shall be more than two regular terms of the court having jurisdiction of criminal cases, the defendant shall not be entitled to be discharged * * under the circumstances mentioned in section 545.900 * * * until the end of the fourth term after the indictment was found * * *."

"478.285 (Terms of Court). Circuit No. 31.

"In the county of Greene, on the second Mondays in May, September and January."

■ Authorities pertinent to resolution of this issue state that the purpose of the statute, now Section 545.900, supra, is to insure a defendant a speedy trial and to prevent laches on the part of the state. State v. Woods, 346 Mo. 538, 142 S.W.2d 87, 89[3]. It is not intended to operate if the trial is delayed through no fault of the state. State v. Barlish, Mo.App., 421 S.W.2d 558, 559[1, 2]; State ex rel. Stevens v. Wurdeman, 295 Mo. 566, 246 S.W. 189, 194[5].

■ In this case, under the statute, the time limit to bring a defendant to trial is the fourth term after the indictment is found, unless the defendant, by some act of his own, has not tolled or extended the statute; and, in making the determination, the term at which the indictment is found (or information filed) is not counted. State ex rel. Stevens v. Wurdeman, supra, 246 S.W. l.c. 193[1].

Appellant contends that he was put to trial at the fifth term after information was filed, not counting the September 1965 term in which the information was filed, and that, therefore, he was entitled to be discharged upon his application made prior to going to trial.

It is true that appellant's trial took place in the fifth term after the term in which the information was filed; however, the transcript and the trial court's docket sheet in evidence show the following pertinent chronology which, under the law, justifies the court's denial of appellant's application for discharge:

December 9, 1965 (September 1965 term). Information filed.

December 13, 1965 (September 1965 term). Defendant appeared in person with attorney and waived formal arraignment.

January 18, 1966 (January 1966 term.) Amended information filed charging appellant under the Second Offender Act. Also on this date defendant filed APPLICATION FOR EXAMINATION, Section 552.020, which represented that defendant had been hit in the chest, arms, and face by a shotgun blast, rendering him unfit to proceed in his defense and asked for examination by doctors, hospital commitment for that purpose, "and that all proceedings against such defendant be suspended * * * for so long as such unfitness endures."

January 21, 1966 (January 1966 term). Defendant appeared in person and by attorney for hearing on his application for examination. The court did not order an examination "but on request of defts atty report of Dr. Roy Wilson may be submitted to Court & attys in lieu of report that otherwise would be ordered. Trial date contd. until next Criminal Jury week."

May 4, 1966 (January 1966 term). Medical report addressed to circuit judge

**510**

and appellant's attorney concerning appellant filed, stating, "we feel it would be to his advantage if it is alright with the court to leave him in his present status so that he might be observed carefully for another month to see what if anything can be done about the left eye.

"We would, if it is satisfactory to the court, be glad to send monthly progress reports and state when the present follow up period would be no longer necessary."

There are no record entries in the May 1966, September 1966, and January 1967 terms of court.

August 2, 1967 (May 1967 term). Defendant's application for discharge filed, heard, submitted, and overruled.

August 3, 1967 (May 1967 term). Defendant tried and this conviction resulted.

It is apparent from an analysis of the foregoing that appellant's own acts tolled the statute and extended the time in which he could be tried.

The September 1965 term is not counted because it was the term in which the information was filed. The January 1966 term did not start the statute to run against the prosecution because it was at that term that upon his own application appellant sought an examination for his physical and mental condition; the ruling for receipt of medical report made at his request on the application called for the continuance entered, and this medical report, filed just prior to the end of the January 1966 term, May 4, 1966, called for a continuance of at least one month which put the matter well into the May 1966 term of court. The September 1966 and January 1967 terms then passed without entry, and appellant was tried in the May 1967 term, the third term after the delay due to application and actions of defendant.

 Even discounting the rule that where the record is silent, as in the September 1966 and January 1967 terms, continuance through those terms is presumed to be on the court's own motion for want of time to try the case and not chargeable to the state, State v. Haines, 160 Mo. 555, 61 S.W. 621, 624[2], appellant's right to a speedy trial was not violated because he was tried at the third term after the delay occasioned by his own actions.

Matters of record for examination under Criminal Rules 28.02 and 28.08, V.A.M.R., are free of error.

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All concur.