**Doyle Howard MACE, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 54628.**

Supreme Court of Missouri,
Division No. 1.

April 13, 1970.

James K. Prewitt, Springfield, for appellant.

John C. Danforth, Atty. Gen., Thomas L. Patten, Asst. Atty. Gen., Jefferson City, for respondent.

HIGGINS, Commissioner.

Appeal from denial, after hearing, of motion, under Criminal Rule 27.26, V.A.M. R., to vacate and set aside judgment of conviction of possession of a stimulant drug.

Doyle Howard Mace, charged with the felony of possession of amphetamine sulfate, a drug designated by the division of health to be a stimulant, and as a second offender, was convicted by a jury and the court sentenced him to three years' imprisonment. The judgment was affirmed upon direct appeal, State v. Mace, Mo., 427 S.W. 2d 507, certiorari denied 393 U.S. 1039, 89 S.Ct. 663, 21 L.Ed.2d 587.

Appellant was represented by employed counsel throughout pre-trial proceedings, his jury trial, and upon direct appeal from his conviction. Although his motion for new trial contained allegations that the trial court erred in denying his motion for acquittal on the ground of insufficiency of evidence, in failing to instruct on entrapment, in overruling his motion to suppress evidence on the ground of unlawful search and seizure, in admitting evidence obtained by search and seizure, and in overruling his motion for discharge for failure to bring him to trial within the time allowed by Sections 545.920 and 545.900, V.A.M.S., the only issue presented by his brief on direct appeal was his contention he was entitled to discharge, which issue was ruled adversely to him.

Point I of appellant's brief on this collateral attack on the judgment of conviction states the contentions argued in Points II, III, IV, V, and VI.[1] By Point I appellant contends he was denied effective assistance of counsel by his employed lawyer charging that counsel failed: to raise and preserve entrapment, probable cause for arrest, and search and seizure for review; to apply for a change of venue when requested; to object and preserve error in the admission of testimony of Imogene Willard; and to notify appellant of the ruling on direct appeal, 427 S.W.2d 507, in time for him to point out how that decision was erroneous.

The trial court accorded an exhaustive evidentiary hearing on all grounds and, in denying relief, has made findings of fact and rulings of law on all issues. This review will recognize that movant had the burden of proving his grounds for relief, and will be limited to a determination whether the findings, conclusions, and judgment of the trial court are clearly erroneous. Crosswhite v. State, Mo., 426 S.W.2d 67, 70 [1].

Point II contains two propositions:

The first is a contention that the supreme court erred in its decision adverse to appellant on direct appeal of this conviction and a reargument of that case. As previously stated, there was but a single question on that appeal, and the contention fails under the "established rule that issues disposed of by the appellate court on review of the original judgment will not be reviewed in a collateral attack by motion pursuant to Rule 27.26." Crawford v. State, Mo., 436 S.W.2d 632, 633 [1].

The second contention of Point II is, in effect, that he had ineffective assistance of counsel in that appellant was not notified of the decision in time to file a motion for rehearing by which to supply information upon which the supreme court could further consider its decision. Under Civil Rule 83.16, V.A.M.R., a motion for rehearing "must be filed within fifteen days after the opinion of the court shall be filed, * * * must be served on the adverse party or his attorney within said time." The opinion disposing of the original appeal of this conviction was filed May 13, 1968, and the fifteen days in which to have filed motion for rehearing expired May 28, 1968. The supreme court file shows that neither counsel nor appellant filed a motion for rehearing. However, on May 28, 1968, there was filed by appellant, pro se, a "Notice of Intent to File and Petition the Court for Re-

---

1. Although represented by appointed counsel at the hearing, the grounds for relief were presented by pleadings prepared by movant. Such grounds are now embodied in the brief on appeal prepared by appointed counsel and are considered and reviewed in the order and manner suggested by the brief.

Hearing of the Issue with Showing of New Grounds." That document stated that appellant had, as of May 23, 1968, a copy of the court's opinion of May 13, 1968, and that he had received no previous knowledge of the decision from his lawyer. His plea was not for rehearing but was for "additional time * * * for appellant to seek counsel and advice." The motion was denied for the obvious reason that the rule makes no provision for extension of time in which to file motion for rehearing. See Ely v. Parsons, Mo.App., 399 S.W.2d 613, 619 [12–14]. The file further shows that appellant was on May 28, residing at P.O. Box 4000, Springfield, Missouri. His motion in this proceeding states that he had knowledge that the decision had been filed eleven days after it had been filed and acknowledged that he then had four days in which to file a motion for rehearing. Appellant's testimony at the hearing was that Mr. Moon did not notify him of the court's decision and that he learned of it "several days" after it was filed. "I happen to get ahold of an old local newspaper out at the Medical Center, several days old, * * *." He was at the Center "serving time" on a federal charge of possession of drugs. Appellant acknowledged that Mr. Moon had represented him in criminal matters "quite a number of times"; that he had a reputation as one of the best criminal lawyers in southwest Missouri; that he hired him because he thought him to be a good lawyer. He also acknowledged that his wife visited him about every week at the Medical Center and that she came out in person and told him that his conviction had been affirmed, "probably along about the same time I read it in a week old newspaper or thereabouts." William A. Moon has been a lawyer since 1936 in a practice of at least fifty percent criminal cases. He had represented appellant numerous times and had always secured acquittals for him until 1966. He communicated the decision on the original appeal to appellant through his wife. "Mary Mace was in my office every little bit and I contacted her when I received the notification. I contacted her immediately.

* * * The same day. * * * I knew that she was going out every week to the Medical Center to see Doyle and I didn't go to the Medical Center because it's quite a task for an attorney to set up an appointment out there * * *. We were on the best of terms as far as I know, still on good terms. No one was more surprised than myself when Doyle raised all these points." Mr. Moon's notice that the supreme court had filed its decision came by telegram, he notified Mrs. Mace the same day he received it, he got a copy of the opinion "two or three days after the telegram," and "came to the conclusion * * * that no after appeal motion would avail us of anything and I didn't file one." He so told Mrs. Mace. It was about four months later that he received a letter from appellant expressing dissatisfaction. " * * * it was the most mean and hateful letter that I had ever received from anybody in my life and I was completely surprised and I discussed that with Mrs. Mace and neither one of us could account for it."

This evidence on this allegation of ineffective assistance of counsel demonstrates, without further exposition, some conflict with respect to whether and when appellant was notified by counsel of the decision of the direct appeal. The trial court resolved such conflicts against appellant and, on such evidence, it cannot be said that the finding was clearly erroneous.

Point III charges that the state was guilty of entrapment; that the court failed to instruct on the defense of entrapment, and inferentially, when read with Point I, that appellant had ineffective assistance of counsel by failure to secure an instruction and to brief the court's failure to give such instruction.

■ The all-inclusive answer to this contention is that there was no entrapment in this case. *A fortiori*, there is no trial error or ineffective assistance of counsel in failure to give or to offer such instruction or to brief any such point on appeal. Ronald A. Kramer, vice president of C. H. Ruck-

stuhl Drug Company in St. Louis, came to the Springfield Police Department to discuss a drug order contained in a letter purporting to be from "James R. Caffey, M.D.," who was not listed in the drug company's directory. The police knew there was no such doctor in Springfield. The police knew James R. Caffey as a felon in the Missouri penitentiary and, not knowing from whom the order actually came, asked Mr. Kramer to mail the drugs to the address indicated. Pursuant to the request, Mr. Kramer mailed the drugs, called the police and described the container. The police asked the postal inspectors to notify them when the package arrived. Upon receipt of that notification, the police went to the post office and identified the package from Ruckstuhl. It bore the address 2428 North Fremont, Springfield, Missouri, and the police parked near there when the postman delivered the package. About ten or fifteen minutes after delivery, appellant arrived by automobile, went into the house, and emerged with a package. The police followed appellant, stopped him and, upon observing the open package with bottles of pills on the rear seat of appellant's car, arrested him for possession of drugs. Appellant's statement was that he had received the box at the home of Charles Caffey at the Fremont address and that he had gone there at the request of his friend ("Mr. Caffey's volition, I would say") to obtain the box and dispose of it. Mr. Moon discussed entrapment as a possible defense with appellant and concluded the elements of entrapment were not present, and the court at the 27.26 hearing so found.

This evidence shows that the officers were not guilty of any persuasion, trickery, deceit, or other inducement by which appellant was led to commit any offense. There was no generation by the officers of original intent in the mind of one innocent of criminal purpose that he violate the law relating to possession of drugs; appellant was ready of his own volition to commit the offense as evidenced by his visit to the Fremont address unsolicited by the officers.

Such is not entrapment. Williams v. State, Mo., 437 S.W.2d 82, 86, 87 [9–12]; Kansas City v. Plumb, Mo.App., 419 S.W.2d 457, 459 [4].

Point IV charges that appellant was entitled to a change of venue prior to trial of his case and that due to ineffective assistance of counsel in failing to seek a change, he was denied his right to trial by an impartial jury. The argument is that a change of venue was necessary on account of newspaper coverage given to appellant and proceedings concerning him. He asserts he thought a change of venue should have been applied for and that counsel had told him he had done so but the application was overruled.

■■■ The evidence on this issue was also in conflict. Appellant testified that he and Mr. Moon discussed the possibility of a change of venue and that it was his understanding that Mr. Moon filed a motion for change of venue and that it had been denied. He asked Mr. Moon to file for the change because he could not receive a fair trial in Greene County due to "adverse publicity" over a long period of time. Certain newspaper stories were in evidence. Appellant acknowledged that Mr. Moon advised against a change because "we'd probably get down south in one of the adjoining counties and would be much worse off." In addition to the previous statement of Mr. Moon's testimony, his version of the change of venue matter was there was no motion for change filed and he never told appellant that he had done so. "We discussed it in connection with this case and other cases and we came to the conclusion it was better to try it in this county, we'd be in much better shape here than we would in any adjoining counties for the reason that the cases we had taken a change of venue in * * * a very heavy penalty had been assessed, * * * and we felt we had a better chance of getting an acquittal in this county * * *." He discussed it with appellant on a number of occasions and he voiced no objection to counsel's views. "I told him that I was of the opinion, because

of the publicity that he had in this county, that probably we could get a change of venue, but we didn't push it, we didn't file an application." Appellant did not insist. "Mr. Mace was very good about leaving those matters to my judgment." The voir dire qualification of jurors was very thorough and "they all thought they had an open mind." One of appellant's newspapers exhibits was considered "very favorable to Doyle Mace" by counsel because it publicized a law officer's statement of the good qualities of Doyle Mace. "We discussed that when we talked about the change of venue * * *." The court found that Mr. Moon did not tell his client that he had applied for a change of venue and that the court had refused it, and such finding is not clearly erroneous on this evidence. The contemplated change of venue appears to have been abandoned by agreement or left to counsel's own judgment. In the first instance, the court's supported finding is dispositive; in the second, counsel's tactical decision is not a subject for hindsight, particularly where the decision is not manifestly wrong, which is not shown in this case. State v. Howard, Mo., 383 S.W.2d 701, 703 [4].

Point V charges that appellant should have been discharged because his arrest, search of his automobile, and seizure of the pills from his automobile were unreasonable and illegal and, again by inference, when read with Point I, that appellant had ineffective assistance of counsel by failure to challenge the arrest and the search and seizure, and brief those matters on appeal. The argument is that the police had no probable cause for the arrest because he was "merely assisting a friend and was not performing any illegal act," and that the search and seizure were on mere suspicion of an illegal act and without probable cause.

■ The evidence previously stated shows that the police saw appellant leave the Caffey home with a box identical to the one they knew to contain amphetamine. When they stopped appellant such a box was visible on the rear seat of appellant's car, and brown pill bottles were openly visible. This provided probable cause for the arrest on suspicion of illegal possession of drugs, the arrest followed, the subsequent search and seizure were lawful incidents of the arrest, and the pills would properly be admitted in evidence. State v. Jefferson, Mo., 391 S.W.2d 885. Mr. Moon testified that he agreed with the trial court's rulings on these trial incidents and that he abandoned them as issues on appeal because they had been ruled correctly. The trial court has again so found, as well as to find that counsel was not derelict in any of these respects, and such findings are certainly not clearly erroneous where their subject matter which, if raised and preserved, would be without merit.

Point VI charges the receipt of testimony of Imogene Willard upon original trial was prejudicial in that it was an attempt to show a connection by appellant with a convict imprisoned for possession of narcotics and, again by inference, when read with Point I, charges ineffective assistance of counsel in failure to object and preserve for reveiw the admission of the allegedy prejudicial testimony of Imogene Willard. The only mention of this matter in the 27.26 hearing was appellant's acknowledgment upon leading question that one of his points (grounds for relief) concerned the admission of testimony of Imogene Willard, a deputy circuit clerk. There was no evidence to show what the alleged prejudice was or where counsel was deficient with respect to the clerk's testimony. Appellant said "it was in the record," which is taken to mean a reference to the trial record. Resort to that document shows that the only testimony received from the witness was a reading of a portion of the court record to show that James R. Caffey was in the penitentiary at the time he purportedly ordered drugs from the supply firm. Upon this showing, the court properly found there was nothing in support of this point.

■ It is not briefed upon this appeal, but it appears from the statement in the brief

and the pleadings filed by appellant that a charge of ineffective assistance of counsel is laid to Mr. Moon for alleged failure to take the deposition of Charles Caffey who lived at the Fremont address and who died prior to trial. Appellant asserted that Mr. Moon refused to obtain the deposition of Charles Caffey but was unable to state any testimony that Charles Caffey could have given that Mrs. Caffey did not give. It was Mr. Moon's position that Charles Caffey "was quite ill and had a very very bad reputation * * * had been a wino here for years and spent a great portion of his time in jail here and * * * I talked this over with Doyle—I felt that his wife would be a much better witness and she would be available at trial." She testified to the same things Mr. Caffey could have. "Doyle's wife brought her over to court and looked after her * * * she made a very effective witness * * *." There was no competent evidence to show what Mr. Caffey would have said if he had been deposed. Under this showing there could be no clear error in the court's finding that there was no prejudice in counsel's failure to obtain the deposition of Charles Caffey.

Another matter mentioned in the statement but not briefed by counsel is the reference to testimony of appellant that Mr. Moon told him he would preserve search and seizure, probable cause for arrest, and entrapment in addition to the time element. Mr. Moon testified that he discussed all such matters with his client but determined that they were not meritorious as points for appeal. The court's findings agree with counsel's judgment and it has been demonstrated that entrapment, search and seizure, and probable cause for arrest were not matters of error and, *a fortiori*, not matters upon which to convict Mr. Moon of being ineffective in this case. The time

element, thought to be meritorious by Mr. Moon, was preserved and briefed.

The thrust of appellant's motion and brief has been to take alleged trial errors and convert them into a showing of ineffective assistance of counsel. It has been demonstrated that none of the points are meritorious and, when considered in entirety, are not the circumstances or an instance of any substandard level of performance resulting in a trial becoming a mockery or a farce as reviewed in State v. Worley, Mo., 371 S.W.2d 221, 223–224 [7], and see Cardarella v. United States, 8 Cir., 375 F. 2d 222. To the contrary, the record shows, as found by the court, that appellant was ably represented at trial and that he failed in his burden of proof in this proceeding in all respects. In such circumstances, the judgment denying relief cannot be said to be clearly erroneous. Crosswhite v. State, supra.

Appointed counsel, in their own behalf, have presented an issue relating to reasonable compensation, which does not go to the merits of this appeal. Consequently, it is not reached in this decision; however, jurisdiction is retained for, and limited to, further consideration of that question in connection with other cases now pending in the court en banc.

Judgment denying relief to appellant affirmed; jurisdiction, as limited, retained.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

SEILER, P. J., HOLMAN, J., and MEYERS, Special Judge, concur.