**Charles H. STEINKUHLER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 57364.**

Supreme Court of Missouri,
Division No. 1.

Feb. 12, 1973.

Lloyd F. Dieckman, Pohlmann & Dieckman, Kansas City, for movant-appellant.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

HIGGINS, Commissioner.

Appeal (taken prior to January 1, 1972) from denial, after evidentiary hearing, of motion under Rule 27.26, V.A.M.R., to vacate and set aside judgment of conviction entered upon plea of guilty to charge of stealing from the person.

Appellant contends the court erred in not setting aside his guilty plea "because due

process of law forbids convicting the movant on the basis of a plea of guilty not knowingly or voluntarily made."

On September 12, 1966, complaint was filed in, and warrant for arrest was issued by, the Magistrate Court of Jackson County, Missouri, charging Charles H. Steinkuhler with robbery, first degree, of one William D. Harger on September 6, 1966. Between September 6 and 12, 1966, he left Missouri and went to California. On October 18, 1966, he was arrested in California on a charge of robbery, first degree, upon which he was convicted November 22, 1966, and given an indeterminate sentence up to life imprisonment.

On November 24, 1966, he was notified that Missouri had filed a detainer against him, and in March, 1967, he sent a motion for speedy trial to the Jackson County Circuit Court. He followed his motion in November, 1968, with a letter to the prosecuting attorney requesting a speedy trial.

On August 22, 1969, he was released to Missouri authorities by California and, on September 16, 1969, he was arraigned on the Missouri robbery charge.

On October 28, 1969, he filed a motion to dismiss, alleging denial of right to speedy trial. An evidentiary hearing was accorded on the motion November 4 and November 14, 1969, after which the court found no prejudice to defendant and overruled the motion. The court further ordered "a new preliminary hearing * * * to be held in this court. * * * If it should develop at that preliminary hearing, if some of the matters complained of in connection with a speedy trial have more merit than now appears, the motion could be renewed."

On November 18, 1969, the charge of robbery was reduced to stealing from the person, and Charles H. Steinkuhler, with his attorney, Ronald Sokol, appeared in court: "New preliminary hearing waived by the defendant, and after consultation with his attorney, defendant withdraws his plea of not guilty heretofore entered and enters a plea of guilty to the charge of stealing from the person * * *." The following proceedings then occurred:

"MR. SOKOL: Mr. Steinkuhler, please state your full name? THE DEFENDANT: Charles Henry Steinkuhler. MR. SOKOL: Is it your wish at this time to waive your right to a preliminary hearing on this charge and in consideration of the State's reducing the charge? THE DEFENDANT: Yes, sir, I do. MR. SOKOL: And you make this plea knowing that you have the right to a preliminary hearing this day? THE DEFENDANT: Yes, sir. THE COURT: Is this something that you have discussed with Mr. Sokol as your attorney? THE DEFENDANT: Yes, sir. THE COURT: And you are sure that you know what you are doing? THE DEFENDANT: Yes, sir. THE COURT: Very well. A preliminary hearing is waived. * * *

"MR. SOKOL: At this time, Your Honor, it is my understanding that the defendant, Mr. Steinkuhler, wishes to enter a plea of guilty to the amended charge just accepted by the Court. THE COURT: Very well. If you will develop in the usual way that he does so knowingly and understandingly, the plea will be received.

"MR. SOKOL: You are Charles Steinkuhler? THE DEFENDANT: I am. MR. SOKOL: How old are you, sir? THE DEFENDANT: Thirty-six. MR. SOKOL: How far did you go in school? THE DEFENDANT: I finished high school. MR. SOKOL: And can you understand the English language, both written and spoken? THE DEFENDANT: Yes, sir. MR. SOKOL: And are you presently under the influence of any type of a narcotic drug? THE DEFENDANT: No. MR. SOKOL: Are you under the influence of any type of stimulating beverage? THE DEFENDANT: No. MR. SOKOL: Are you presently taking any form of medication? THE DEFENDANT: None. MR. SOKOL: And

to your own knowledge, are you now in good health, physically and mentally? THE DEFENDANT: Yes, sir.

"MR. SOKOL: Mr. Steinkuhler, do you understand that the charge that the State has just reduced to is a felony charge? THE DEFENDANT: I do. MR. SOKOL: And that it does carry a range of punishment from one day to one year in the County Jail, and a fine of $1.00 to $1,000.00, or a term of two to ten years in the Missouri Department of Corrections? THE DEFENDANT: I do. MR. SOKOL: And you understand that once you have pleaded guilty that the only thing left for the Court to do is to order either a presentence investigation or to assess punishment? THE DEFENDANT: I do. MR. SOKOL: You understand that you have the right to a speedy jury trial? THE DEFENDANT: Yes, I understand, yes, sir. MR. SOKOL: And that you have the right to be represented by counsel? THE DEFENDANT: Yes, sir. MR. SOKOL: And to confront any witnesses against you and to cross-examine them? THE DEFENDANT: I do. MR. SOKOL: And adduce any evidence that you might have on your own behalf? THE DEFENDANT: Yes, sir. MR. SOKOL: And do you voluntarily at this time waive those rights? THE DEFENDANT: Yes, sir. MR. SOKOL: Are you pleading guilty to this reduced charge because you are in fact guilty of that charge? THE DEFENDANT: Yes, I am guilty of that charge. MR. SOKOL: Will you relate to the Court what you did that brings you here? THE DEFENDANT: I took two checks from this man who was struck. MR. SOKOL: Did you do this, Mr. Steinkuhler, on the day that this robbery allegedly occurred? THE DEFENDANT: I did. MR. SOKOL: Will you explain the circumstances under which you took these things? THE DEFENDANT: Well, when I found this fellow over here laying in the plant where he was working at, he jumped up and started hollering, and I was scared, and I ran, and

I was drinking a lot, and so was he. And I never hit this man, Your Honor. THE COURT: But you did take two checks? THE DEFENDANT: Yes. They were in his wallet, and his wallet was beside him. * * *

"THE COURT: You do recognize, Mr. Steinkuhler, that a charge of stealing from a person carries a penalty to as much as ten years up in the Department of Corrections? THE DEFENDANT: Yes, sir. THE COURT: And knowing that, you wish to enter your plea of guilty? THE DEFENDANT: Yes, sir.

"THE COURT: The plea of not guilty is withdrawn, and the plea of guilty is received to the reduced charge."

The court ordered a presentence investigation and, on January 7, 1970, the court assessed punishment at six years' imprisonment, suspended execution of sentence, and placed defendant on probation for a period of five years. On June 17, 1970, defendant's probation was revoked and his sentence was executed.

The motion under Rule 27.26 was filed *pro se* July 8, 1971, counsel was appointed July 12, 1971, and an amended motion was filed September 27, 1971, upon which the evidentiary hearing was accorded October 4, 1971.

Movant testified he was under the impression he would receive a sentence of not over two years as the usual sentence in such cases; that he pleaded guilty instead of defending himself because he was no longer able to secure witnesses in his behalf. He admitted his attorney had simply made a judgment about the length of sentence and that he had not promised any type of sentence. He also admitted advice relative to the range of punishment but paid no attention to it. He admitted the elements of commission of the charged crime, as he did at the time of his plea.

Mr. Sokol met with his client some two months before entry of the guilty plea, and conferred with him on three or four occa-

sions during which he advised defendant of his rights, including right to a speedy trial.

Upon conclusion of the evidentiary hearing, the court made the following pertinent findings in denial of the motion:

"Getting back to the motion, itself, there are apparently at the present time three contentions. The first being that this defendant thought the sentence would be two years, and he thought that because of something Mr. Sokol said to him. * * * He recalls of making no representations to the defendant as to what his sentence would be, but even if we assume for the sake of argument that he does not remember correctly and he did say, 'Well, Mr. Steinkuhler, you probably will only get two or three years on this charge as reduced,' certainly when we look at the transcript, * * * Mr. Sokol states (reading) 'Mr. Steinkuhler, do you understand the charge the state has just reduced to is a felony charge?' and Mr. Steinkuhler says (reading) 'I do.' And then Mr. Sokol says (reading) 'And that it does carry a range of punishment from one day to one year in the county jail and a fine of $1 to $1,000 or a term of two to ten years in the Missouri Department of Corrections?' The defendant answers (reading) 'I do.' Mr. Sokol: (reading) 'You understand that once you have pleaded guilty that the only thing left for the Court to do is to order either a pre-sentence investigation to to assess punishment?' The defendant: (reading) 'I do.' And then the colloquy about the speedy jury trial and other rights that the defendant had.

"The Court finds that the allegation that this defendant was misled is completely without factual basis or justification. * * *

"Now as to delayed trial complained of, and any request he made from California, that matter was fully adjudicated upon Motion to Dismiss prior to his entry of the plea and does not afford the basis for any relief at this time. * * *

"Finally, the claim of being denied effective assistance of counsel, * * * I have heard nothing stated that would indicate any failure to do everything that could be done. * * * Obviously, there was nothing in the proceedings here that became a mockery of justice, to use the current phrase. Certainly on the other hand, we can find the due process of law was followed."

In argument, appellant concedes that "a plea of guilty if knowingly and understandingly made waives all defects which are not jurisdictional." In an attempt to avoid the consequences of this concession and the guilty plea in this case, appellant argues, "We had a meritorious presentation [on the issue of speedy trial], but the only option was to stand trial and take his chances for an appeal." Appellant would augment this argument suggesting the additional right to litigate such issue by prohibition or mandamus in addition to appeal, and citing Osborne v. Owsley, Mo.App., 257 S.W.2d 691, and State ex rel. Stevens v. Wurdeman, 295 Mo. 566, 246 S.W. 189. This argument is further augmented with a charge of ineffective assistance of counsel which it is asserted placed defendant "in a position where the only thing he could do was plead guilty * * *."

Assuming the availability of prohibition and mandamus as means of raising an issue of denial of the right to speedy trial, such does not make counsel's advice that the issue could be raised on direct appeal erroneous, and does not, therefore, reduce counsel's performance to such a standard as to destroy the voluntariness of defendant's plea. McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763; Holnagel v. Kropp, 6 Cir., 426 F.2d 777. And the contention of denial of defendant's right to a speedy trial forms no basis for relief following a plea of guilty. Schuler v. State, Mo., 476 S.W.2d 596, 598[4].

The record demonstrates that when appellant entered his plea of guilty he was

advised of his rights to a preliminary hearing; that he had understanding of the proceedings; that he was advised of the range of punishment and of his right to a speedy trial. He had counsel and was advised of the rights to counsel, to present evidence, and to confront witnesses. He waived his rights to preliminary hearing and of trial, and pleaded guilty because he was guilty; and, in his own words, gave a factual basis for his guilty plea. Such record established the voluntariness of defendant's plea of guilty, McMann v. Richardson, supra; Schuler v. State, supra; and, as a consequence, the conclusions to that effect by the trial court cannot be said to be clearly erroneous. Rule 27.26, supra.

Judgment affirmed.

WELBORN, C., concurs.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.